## 56406. ST. PAUL FIRE & MARINE INSURANCE COMPANY v. DAVIDSON et al.

BIRDSONG, Judge.

Mrs. Davidson brought suit against the appellant, St. Paul Fire & Marine Ins. Co., alleging that appellant's negligence had caused the death of her husband. The trial court overruled appellant's motion for summary judgment, and this court granted appellant's application for interlocutory appeal. *Held:*

1. The uncontroverted facts show that appellant issued a liability insurance policy to Atlantic Moving & Storage, Inc. ("Atlantic") which covered, inter alia, vehicles owned by Atlantic. Mrs. Davidson's husband ("deceased" while traveling in a vehicle owned by Atlantic, was killed when the vehicle struck a bridge abutment, allegedly as a result of defective tires. The vehicle in which the deceased died was at the time of his death traveling interstate under a lease agreement between Atlantic and North American Van Lines ("North American"), under a valid certificate of public con-

venience and necessity issued to North American by the Interstate Commerce Commission ("ICC").

Additional uncontroverted facts showed that North American requested Atlantic to have regularly inspected all of its vehicles traveling under the ICC certificate, including the vehicle in which deceased died. All such vehicles were in fact inspected by entities which specialized in truck inspection and maintenance and were approved by North American. The appellant was not such an approved inspection entity.

Finally, the facts showed that, prior to the accident in which deceased died, appellant gratuitously inspected on one occasion those vehicles actually present on Atlantic's premises. The insurance contract did not require this inspection, which appellant's agent stated was performed "for the purpose of providing information. . . required for underwriting purposes . . . No request was made for all vehicles owned by Atlantic or insured by [appellant] to be present, nor was there a request for any specific vehicles to be viewed." The vehicle in which the deceased died was not on the premises at the time of appellant's inspection and was therefore "not viewed at any time by anyone from [appellant]." The president of Atlantic stated: "At no time did Atlantic consider or rely upon the survey conducted by [appellant] in July, 1973, of any of the vehicles which may have been viewed by [appellant] to be the equivalent of, or to be used in lieu of, inspection by an approved entity requested by North American Van Lines or required by any governmental regulation, statute, or requirement of any kind." Similarly, the record is devoid of any evidence, or even an allegation, that the deceased relied upon appellant to inspect Atlantic's vehicles. Nevertheless, appellee contends that appellant owed the deceased the duty of performing regular safety inspections of Atlantic's vehicles, and negligently failed to perform this duty.

2. It is clear that a general liability insurer may incur liability for its negligently performed safety inspections of an insured's premises even if gratuitously undertaken. *Pa. &c. Ins. Co. v. Thomas Milling Co.,* 137 Ga. App. 430 (224 SE2d 55). However, "it is elementary that before any negligence, even if proven, can be actionable, that negligence must be the proximate cause

of the injuries sued upon. [Cits.]" *Rhodes v. Levitz Furniture Co.*, 136 Ga. App. 514, 516 (221 SE2d 687). See Code Ann. § 105-2008. Even assuming, arguendo, that appellant, by virtue of a single cursory inspection for patent defects incurred a duty of performing regular safety inspections, it is uncontroverted that only those vehicles actually present on Atlantic's premises were inspected by appellant. As no other vehicles were ever inspected by appellant, and the contract of insurance imposed no requirement of inspection, the evidence totally fails to support appellee's contention that appellant had a duty to inspect all of Atlantic's vehicles. Furthermore, the record is utterly devoid of evidence or even allegation that the deceased relied upon appellant to perform safety inspections, a condition precedent to the imposition of liability for the insurer's allegedly negligent inspection. Restatement of the Law 2d, Torts, § 324A, p. 139; *Winslett v. Twin City Fire Ins. Co.*, 141 Ga. App. 143 (232 SE2d 638); *Pa. &c. Ins. Co. v. Thomas Milling Co.*, supra; *Sims v. American Cas. Co.*, 131 Ga. App. 461 (206 SE2d 121). The uncontroverted evidence shows that the duty of safety inspection of Atlantic's vehicles was performed by the entities approved by North American. Accordingly, the evidence presented on motion for summary judgment shows conclusively that appellant's inspection, "or lack of inspection or survey, which. . . it may have been obligated to make after beginning inspections or surveys, was not the proximate cause of [decedent's] injury." *Winslett v. Twin City Fire Ins. Co.*, supra, p. 145. The trial court erred in overruling appellant's motion for summary judgment.

*Judgment reversed with direction to enter a judgment for appellant upon remittitur. Bell, C. J., and Shulman J., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 14, 1978 —

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Daniel S. Reinhardt,* for appellant.

*Bates, Baum & Landey, Beverly B. Bates, Swift,*

*Currie, McGhee & Hiers, Glover McGhee, Nall, Miller & Cadenhead, James W. Dorsey, James C. Gaulden, Jr.,* for appellees.