## 60464. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY v. JONES.
## 60465. AMERICAN MUTUAL INSURANCE COMPANY OF BOSTON v. JONES.

SHULMAN, Presiding Judge.

Appellee brought this action seeking recovery for injuries he suffered in a mishap at his place of employment. The theory under which he sued appellants, insurers of appellee's employer, was that enunciated in *Sims v. American Cas. Co.,* 131 Ga. App. 461 (206 SE2d 121): negligent performance of safety inspection. At trial, after the presentation of appellee's evidence and again at the close of all the evidence, appellants moved for directed verdicts, contending that the essential element of reliance had been disproved by appellee's own testimony. The trial court denied both motions and the jury returned a verdict for appellee. We reverse.

The theory under which appellee traveled and its foundation in § 324A of the Restatement, Second, Torts, were further explained in this court's recent opinion in *Argonaut Ins. Co. v. Clark,* 154 Ga. App. 183 (267 SE2d 797). In that case, as in this case, liability was predicated on the third subparagraph of that Restatement section, which, together with the main body of the section, provides as follows: "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if . . . (c) the harm is suffered because of reliance of the other or the third person upon the undertaking." Restatement, Second, Torts, § 324A, p. 142. That element of reliance is of such importance that this court has referred to it as a condition precedent to the imposition of liability in cases such as this. *St. Paul Fire &c. Ins. Co. v. Davidson,* 148 Ga. App. 82, 84 (251 SE2d 32).

In a discussion of the theory on which liability is predicated in this action, this court said in *Argonaut,* supra, p. 186, that the crux of such actions was "that there was an unsafe and concealed condition on the premises of which the safety inspector possessed or should have possessed a *superior* knowledge as a result of his inspections." (Emphasis supplied.) We agree fully with that statement. It stands to reason that one with superior actual knowledge of a fact and of the significance of that fact is not in a position to assert reliance on another to discover the fact or its significance.

Appellee's testimony showed without question that appellee was aware of the defect which he alleged to be the cause of the mishap

in which he was injured. Further, appellee testified that he gave notice to an agent of his employer, the foreman, that the defect existed. The context in which appellee gave notice to his employer shows clearly that he and his employer were aware of the significance of the defect: appellee raised the issue of the defect at a safety meeting, questioning the propriety of the continued existence of the defect.

At the close of appellee's evidence, appellants made motions for directed verdicts. The motions were based in part on the testimony discussed above and the negation of the element of reliance inherent in that testimony. The trial court denied the motions. Based on our analysis of the reliance element of appellee's cause of action and on appellee's testimony showing knowledge on his part and on the part of his employer superior to that of the safety inspector employed by appellants, we hold that the trial court erred in denying appellants' motions. Accordingly, the judgment of the court below must be reversed and the case returned with direction that judgment be entered for appellants. That ruling having eliminated the necessity of a retrial, we need not address the other reasons appellants have advanced for reversal.

*Judgment reversed with direction. Quillian, C. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1981 —
REHEARING DENIED MARCH 3, 1981 —

*Frank E. Jenkins III, John D. Jones,* for appellants.
*Joe O. Mangum III, G. L. Dickens, Jr.,* for appellee.