### 60371. EXUM v. LONG et al.

McMurray, Presiding Judge.

This is an action for damages arising from a motor vehicle collision. Plaintiff was a passenger on a motorcycle which collided with a bread truck owned by defendant Peterson, Howell and Heather, Incorporated, leased to defendant American Bakeries Company and operated by defendant Long.

Upon the trial of the case the jury returned a verdict in favor of defendants, and the judgment entered pursuant to the verdict in favor of defendants provided that "costs be entered against plaintiff."

Plaintiff's motion for new trial was filed May 11, 1979, within 30 days following the date of the judgment. No rule nisi was attached to plaintiff's motion for new trial at the time of its filing, nor prior to February 8, 1980, the date upon which defendants filed their motion to dismiss plaintiff's motion for new trial for failure to attach and serve the rule nisi with plaintiff's motion for new trial. On March 20, 1980, plaintiff filed her amended motion for new trial which was allowed by the court and a rule nisi ordered the defendants to appear and show cause on March 26, 1980, why plaintiff's motion for new trial, as amended, should not be granted. The rule nisi, along with the amended motion for new trial, was served on defendants' attorneys.

After a hearing the defendants' motion to dismiss plaintiff's motion for new trial was granted "because of Plaintiff's failure to pay court costs as required by this Court's Order and because of the Plaintiff's failure to file and serve a rule nisi prior to the filing of the Defendants' Motion to dismiss dated February 8, 1980." Plaintiff appeals, enumerating as error the dismissal of her motion for new trial and several portions of the trial court's charge to the jury. *Held:*

1. The trial court erred in dismissing plaintiff's motion for new

trial. Any defect arising from the absence of the rule nisi was perfected by the entry of same. *Adrian Housing Corp. v. Lucas,* 144 Ga. App. 186, 187 (1) (240 SE2d 732). Nor may the plaintiff's motion for new trial be dismissed due to failure to pay court costs as ordered in the judgment of the trial court as the filing of plaintiff's motion for new trial acted as a supersedeas in the absence of a contrary order by the trial court. Code Ann. § 81A-162 (b) (Ga. L. 1966, pp. 609, 664; 1967, pp. 226, 239); *McGee v. Craig,* 230 Ga. 553, 554 (1) (198 SE2d 165). Compare *Stoner v. McDougall,* 235 Ga. 171 (219 SE2d 138) where no service of the rule nisi had been effected and a hearing on the motion for new trial had never been ordered by the trial court. In the case sub judice a hearing on the motion for new trial, as amended, had been ordered by the trial court for March 26, 1980.

2. Several portions of the trial court's charge to the jury which the plaintiff enumerates as error were authorized only if there was evidence of plaintiff's negligence sufficient to bar her from recovering in this action. The question is whether there is any evidence that the plaintiff had actual knowledge of some hazard to which she was being exposed by the manner in which the driver of the motorcycle was operating that vehicle and whether this knowledge was coupled with the opportunity to take appropriate action to avoid injury to herself or to warn the host driver of the hazard. See in this regard *King v. Parson,* 149 Ga. App. 28, 29 (3) (253 SE2d 426).

On cross examination the plaintiff testified that the headlight on the motorcycle was on at the time of the collision. Whereupon defense counsel attempted to impeach plaintiff by eliciting her testimony that she had previously testified in her deposition that the headlight was not on at the time of the collision. See *Dickey v. State,* 240 Ga. 634, 639 (3) (242 SE2d 55). The plaintiff having admitted previously testifying that the headlight was not on at the time of the collision, the jury would have been authorized to believe that plaintiff had testified truthfully at the earlier date and that there was no compliance with Code Ann. § 68A-1303 (e) (Ga. L. 1974, pp. 633, 684). See in this regard 81 AmJur2d, Witnesses, § 599; *Jackson v. Riviera Develop. Corp.,* 130 Ga. App. 146, 147 (1) (202 SE2d 545). Compare *Henry Grady Hotel Corp. v. Grady Motors,* 96 Ga. App. 416, 419 (100 SE2d 125), for the rule where the impeached witness is not a party. As the plaintiff had ridden as a passenger for some time prior to the collision she would have had ample opportunity to bring this to the attention of the driver of the motorcycle.

This was some evidence of plaintiff's negligence within the standard set by *King v. Parson,* 149 Ga. App. 28, 29 (3), supra. The obvious purpose of the motorcycle headlight law is to make these smaller vehicles more visible on our crowded highways. In the case

sub judice defendant testified that he checked his mirrors to see if anything was coming behind him and after waiting for oncoming traffic began his turn, but he at no time saw the motorcycle before it struck his truck. Although there was conflicting evidence, this testimony, along with other evidence, would authorize the jury to conclude that the defendant failed to see the motorcycle on which plaintiff was riding possibly because the headlight was off, if such was determined by the jury, and the small vehicle consequently less visible. Therefore, the portions of the trial court's charge to the jury which present this issue to the jury for their determination were not error.

3. Plaintiff enumerates as error the trial court's charge to the jury predicated upon the provisions of Code Ann. § 68A-801 (Ga. L. 1975, p. 1582), dealing with the requirement that no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having a regard for the actual and potential hazards then existing. Plaintiff contends that this charge is not adjusted to the evidence in that there was no evidence presented that the driver of the motorcycle was traveling at an excessive speed at the time of the collision. At the time of the collision the motorcycle on which plaintiff was riding as a passenger was traveling toward Hiawassee, Georgia. There was considerable evidence that on the day in question the highway on which plaintiff was traveling toward town was heavily congested as travelers sought to reach the festivities of the annual mountain fair at Hiawassee. Indeed, the defendant Long testified that the reason he was making a turn at the time of the collision was to reverse his path and avoid the congested highway. Such unusually heavy traffic as that in which the evidence suggests plaintiff was traveling might reasonably be viewed as a special hazard.

There was conflicting evidence as to the speed limit on the highway but considerable evidence that the speed of the traffic was restrained by its density. The evidence, though conflicting as to the speed of defendants' vehicle, was sufficient to authorize the jury to find that defendants' vehicle was traveling as fast as 30 miles per hour during the few minutes the motorcycle had been following it. The evidence was that the motorcycle upon which plaintiff was riding attempted to pass defendants' vehicle. To pass defendants' vehicle the motorcycle would have had to exceed the speed of defendants' vehicle.

We may not say that the jury was without evidence upon which to reach a conclusion that the motorcycle at the time of the collision was exceeding a reasonable and prudent speed under the special hazards presented by the traffic conditions existing at that time and

place. This is true without regard to whether there was evidence that the motorcycle was exceeding the speed limit at the time of the collision. *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8, 11-12 (2) (264 SE2d 507).

4. The plaintiff's next enumeration of error also deals with the trial court's charge to the jury. The challenged language is predicated upon Code Ann. § 68A-1303 (b, c), supra, that "[t]he operator of a motorcycle shall not overtake and pass in the same lane occupied by the vehicle being overtaken," and "[n]o person shall operate a motorcycle between lanes of traffic or between adjacent lines or rows of vehicles."

The evidence indicated that a skid mark was found near the location on the highway where the collision occurred. This skid mark ran from the centerline to the side of the road. There was evidence that this skid mark had been caused by a motorcycle and had there been evidence associating this skid mark with the collision in the case sub judice the skid mark would serve as evidence that at the time the brakes were applied on the motorcycle it was on the centerline if not in the same lane with the vehicle being passed.

However, there was no evidence associating the skid mark and the motorcycle involved in the collision. There was specific un-contradicted testimony that it could not be determined whether or not the skid mark was associated with the collision. Therefore, this charge to the jury invited them to engage in speculation and to reach conclusions entirely unsupported by the evidence. The trial court erred in so charging the jury. The charge was not authorized by the evidence. *White v. Seaboard C. L. R. Co.,* 139 Ga. App. 833, 838 (4) (229 SE2d 775).

5. The trial court also gave in charge to the jury language predicated on *Huckabee v. Grace,* 48 Ga. App. 621, 622 (10) (173 SE 744). This charge which would authorize a determination by the jury that plaintiff's conduct amounted to negligence was not erroneous for the reasons stated in Division 2.

Additionally, plaintiff contends that the charge is erroneous because it suggests that being a passenger on a motorcycle involves a greater risk of harm than if she were a passenger in an automobile. This contention was not correct. The charge given made no suggestion as to the comparative safety of motorcycles and other motor vehicles.

*Judgment reversed. Banke and Pope, JJ., concur.*

DECIDED JANUARY 13, 1981 —
REHEARING DENIED FEBRUARY 20, 1981 —

*Troy R. Millikan,* for appellant.

*Lowell S. Fine, Robert L. Goldstucker, Charles F. Cory,* for appellees.