61510. MOORE v. PRICE.

CARLEY, Judge.

Appellant Moore, plaintiff below, brought suit to recover for injuries received in a collision between his vehicle and that being operated by the son of appellee-defendant Price. The case was submitted to the jury and the following verdict was returned: "We the Jury, find negligence on both parties and feel the plaintiff should be awarded the amount of zero dollars." Judgment was entered for Price on this verdict and Moore appeals.

1. Moore sought to recover only the "noneconomic loss" of pain and suffering. His medical bills were offered and admitted into evidence solely to show that he had suffered a "serious injury." In the charge to the jury the trial court gave the following instruction which was requested by Price: "I charge you that the plaintiff is not entitled to recover for medical bills, such as doctors and hospitals and drugs in this case, but only for such general damages as you may find he is entitled to recover, if any. *The plaintiff would be entitled to recover his doctor, hospital, drug and other medical bills from the insurance company which covers the car he was driving, under the provisions of the Georgia Motor Vehicle Accident Reparations Act, commonly called the no-fault law, but not in this particular case.* Now the purpose of charging you that, there is certain evidence, documentary evidence that's been introduced in this case that refer to hospital bills and doctor bills. Now these have been admitted for the limited

purpose for you to use if they may aid you in any way in determining the severity or lack of severity of the injury in this case but they are not to be considered by you as compensating for the cost of these bills, that is not the measure of damages in this case and you will not consider them to be something that the plaintiff is asking you to return a verdict for, they would not be a part of any verdict you might render in this case." (Emphasis supplied.) Moore objected to the italicized portion of this charge and on appeal enumerates the giving of it as error.

"In an ordinary negligence case, not only is a liability insurance policy of a litigant not admissible in evidence, but disclosure to the jury of the mere existence of such contract is ground for a mistrial. [Cits.]" *Patillo v. Thompson,* 106 Ga. App. 808, 809 (1) (128 SE2d 656) (1962). This principle is operative not only with reference to liability insurance but also with regard to no fault coverage. See generally *Powell v. Manning,* 242 Ga. 778 (251 SE2d 522) (1979); *City Council of Augusta v. Lee,* 153 Ga. App. 94, 99 (3) (264 SE2d 683) (1980).

Price urges, however, that the charge was adjusted to the facts and the law applicable in the case and correctly stated the principle of Code Ann. § 56-3410b (b): "Any person eligible for economic loss benefits . . . is precluded from pleading or recovering in an action for damages against a tortfeasor, those damages for which compensation is available for economic loss . . .: Provided, however, that nothing contained in this section shall preclude the introduction of any evidence otherwise admissible in a judicial proceeding for the purpose of proving the extent of the injury or injuries sustained by such person." We find this argument less than persuasive. No fault coverage was clearly an applicable and relevant issue in the *Powell* and *Lee* decisions; however, the holding in both cases was to the effect that "[n]either the amount nor the fact of insurance coverage should be presented to the jury." *Powell,* 242 Ga. at 780, supra. Furthermore, Code Ann. § 56-3410b (b) in its entirety was *not* applicable and relevant in the instant case. Price argues, in essence, that since Moore's medical bills were admitted solely pursuant to the proviso in Code Ann. § 56-3410b (b), it was not error also to inform the jury that, under the remaining portion of the statute, Moore was precluded from recovering for those bills to the extent he was compensated by his own no fault coverage. This argument totally ignores the fact that Moore was *not* seeking economic losses in this action against Price. Therefore, the preclusion contained in Code Ann. § 56-3410b (b) on such a recovery was not relevant or germane to the issues before either the jury or the court. Compare *Lee,* 153 Ga. App. 94, supra. What was relevant was simply that Moore's medical bills should be

considered solely for the purpose of establishing whether he had sustained a "serious injury" and not as an element of compensable damages. It is readily seen that apprising the jury of this evidentiary limitation on their consideration of Moore's medical bills could have been accomplished in the instant case if the charge as given had omitted the reference to Moore's no fault coverage. Had the charge in the instant case *not* contained this reference, then but only then it would have been adjusted to the facts and the applicable law. Cf. *Walls v. Parker,* 146 Ga. App. 882, 883 (3b) (247 SE2d 556) (1978).

What was relevant in the instant case was the evidentiary consequences of the fact that Moore was not seeking a recovery of economic losses. Any reason underlying the non-recoverability of those losses, including the existence of Moore's no fault coverage, was totally irrelevant. "[I]rrelevant matters of insurance coverage should be excluded from evidence. In the interest of justice, the matter of insurance which is not a germane issue, should be kept out." *Southeast Trans. Corp. v. Hogan Livestock Co.,* 133 Ga. App. 825, 830 (212 SE2d 638) (1975). We know of no reason why a charge would be requested which included a reference to the plaintiff's entitlement to recover such economic losses from his no fault insurer other than to get the fact of insurance before the jury. We conclude that it was error requiring the grant of a new trial for the trial court to give the contested charge.

2. Moore urges that the jury verdict finding that he was negligent is not supported by the evidence. In related enumerations of error Moore attacks the giving of jury instructions on the principles of contributory and comparative negligence, the avoidance doctrine of Code Ann. § 105-603 and the following charge: "If you find that [Moore] failed to maintain a careful and prudent lookout ahead as he approached the place where the collision occurred and further that such failure on his part amounted to negligence, which equalled or exceeded the negligence of [Price], then you should return a verdict in favor of [Price]."

We have carefully studied the transcript and find that the verdict finding Price negligent is amply supported by the evidence. All the evidence suggests that Price negligently lost control of his vehicle, crossed the centerline of traffic and struck two other vehicles before crashing into Moore's. Compare *Minnick v. Jackson,* 64 Ga. App. 554 (13 SE2d 891) (1941); *Parham v. Roach,* 131 Ga. App. 728 (206 SE2d 686) (1974). There is, however, absolutely no evidence that Moore was negligent in any respect at any point in time prior to Price's original act of negligence which was the loss of control over his vehicle. There is no evidence that Moore was speeding, that his vehicle was in the wrong lane of traffic, that he had been drinking, or

that he did not have the right of way at the time of the actual collision. There being no evidence whatsoever of an initial negligent act by Moore, any negligence on his part, if it existed at all, must have been his failure "to avoid the consequences of the active negligence of [Price]." *Buice v. Atlanta Transit System,* 105 Ga. App. 795, 797 (125 SE2d 795) (1962). However, we find no evidence upon which either a charge or a verdict finding Moore negligently failed to avoid the collision could be based. "A driver having the right of way . . . has the right to assume that others will obey the rule of the road [Cit.] and he has a right to proceed at a reasonable speed even though he sees another vehicle approaching. What he cannot do is to test a known and obvious peril, and *after it is or should be clearly apprehended that a collision is threatened or imminent,* he cannot blindly and recklessly proceed without regard to conditions and consequences. [Cit.]" (Emphasis supplied.) *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 862 (126 SE2d 264) (1962). While there is some evidence in the instant case relative to the distance and elapsed time between the collision and Price's original loss of control of his vehicle by running into the ditch *on his own side of the road,* "there is nothing to indicate that [Moore] should have anticipated at that time that [Price] would [return to the roadway,] continue [down the road], across the median and into [Moore's] lane of traffic at the time [Price] left the roadway." *Taylor v. Haygood,* 113 Ga. App. 30, 32 (147 SE2d 48) (1966). There is absolutely no evidence showing that Moore knew or in the exercise of ordinary care should have detected the danger of Price crossing the centerline and careening into his automobile in time to avoid the collision. See *Earl v. Edwards,* 117 Ga. App. 559 (161 SE2d 438) (1968). In short, there is no evidence in this case which would indicate that — at any point — Moore could in fact have discovered that Price was on a *collision course* with his vehicle, or, if it were discoverable, that it was possible, under the existing circumstances, for Moore to have avoided the impending collision. "[W]here there is no evidence to show that one party could in fact have discovered and avoided the negligence of the other, [an] instruction [on the plaintiff's duty to avoid the negligence of the defendant] is inappropriate and should not be given. [Cit.]" *Elsberry v. Lewis,* 140 Ga. App. 324, 328 (231 SE2d 789) (1976). Price urges, in effect, that because the crash occurred Moore must have been negligent in failing to avoid the collision. We find this argument meritless. There is no "absolute duty on any driver to avoid a collision," *Malcom v. Malcolm,* 112 Ga. App. 151, 155 (144 SE2d 188) (1965), and the burden was on Price to prove that his negligence could have been discovered and avoided by Moore. *Williams v. Southern R. Co.,* 126 Ga. 710 (55 SE 948) (1906). This burden was not met.

Considering all the evidence in the instant case in the light most favorable to the verdict, there is none which would support a finding that Moore acted in a negligent manner in any respect. The evidence demonstrates the same deficiencies present in *Taylor v. Haygood,* 113 Ga. App. 30, supra. Here, as there, it was error to give any charge regarding Moore's negligence. The judgment, therefore, must be reversed.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 5, 1981 —
REHEARING DENIED MAY 19, 1981 —

*William A. Erwin, Peter Z. Geer, Jack F. Varner,* for appellant.
*H. P. Burt,* for appellee.