## 63016. FOSGATE v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.

BIRDSONG, Judge.

Summary Judgment. Lyman Fosgate was injured while working on a 859-foot chimney at a Georgia Power electrical generating plant. The appellee, American Mutual Liability Insurance Company, assisted Fosgate's employer, a subcontractor of Georgia Power, in making safety inspections of the site. Fosgate was working on the chimney and at the time of injury, was descending an elevator to ground level. A lower level limit switch either malfunctioned or otherwise did not work allowing the elevator to strike the ground, injuring Fosgate. Relying on the volunteer theory of liability established in this state by *Sims v. American Cas. Co.,* 131 Ga. App. 461 (206 SE2d 121), Fosgate brought his complaint against appellee seeking damages for negligent inspection. The trial court granted summary judgment to American Mutual relying upon the decision of this court in a companion case arising out of the same elevator descent in which Fosgate was injured. *American Mut. Liab. Ins. Co. v. Jones,* 157 Ga. App. 722 (278 SE2d 410). Fosgate raises as his sole enumeration of error the grant of summary judgment. *Held:*

As in the *Jones* case, supra, Fosgate's evidence showed without question that he was aware of a defect in a lower level switch on the elevator. While Fosgate may have thought there was no such switch rather than that the placement of the switch caused it to be inoperative some of the time, the facts show that he was aware of the

necessity of a properly operating lower level switch; that he gave notice at a safety meeting of the defect and raised the safety question and sought to have the defect corrected. Upon this same state of facts, this court in *Jones* concluded that a judgment in favor of the insurer was mandated.

"The theory under which appellee traveled and its foundation in § 324A of the Restatement, Second, Torts, were further explained in this court's recent opinion in *Argonaut Ins. Co. v. Clark,* 154 Ga. App. 183 (267 SE2d 797). In that case, as in this case, liability was predicated on the third subparagraph of that Restatement section, which, together with the main body of the section, provides as follows: 'One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if . . . (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.' Restatement, Second, Torts, § 324A, p. 142. That element of reliance is of such importance that this court has referred to it as a condition precedent to the imposition of liability in cases such as this. *St. Paul Fire &c. Ins. Co. v. Davidson,* 148 Ga. App. 82, 84 (251 SE2d 32)." *American Mut. Liab. Ins. v. Jones,* supra, p. 722. We discern no factual or legal difference between this case and the *Jones* case, supra. Like Jones, appellant Fosgate has shown no ignorance of an unsafe condition and an injury resulting from an unsuspecting reliance upon the safety inspection of the elevator by American Mutual. The holding in that case (*Jones*) therefore is dispositive of the required result in this case. There was no error by the trial court in granting summary judgment to appellee insurer.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 23, 1982.

*James K. Knight, Jr., George C. Childs, Jr.,* for appellant.
*John D. Jones, Frank E. Jenkins,* for appellee.