## 65887. EVANS CABINET CORPORATION v. "AUTOMATIC" SPRINKLER CORPORATION OF AMERICA.

CARLEY, Judge.

Appellant-plaintiff is the lessee of space in a warehouse which contains six separate rental compartments. The warehouse contains a sprinkler system which is designed to be activated by a fire. Specifically, heat from the fire melts a fuse in the sprinkler heads allowing water otherwise contained in pipes to flow from the "fused" or "popped" sprinkler heads. Appellee-defendant neither manufactured nor installed the sprinkler system in the warehouse. Since 1965, however, appellee has held the inspection service contract on the system.

On November 27, 1978, a fire occurred in the warehouse compartment adjoining that rented by appellant. The sprinkler system did not work as designed. The fire "popped" the fuses in the sprinkler heads in the compartment but no water flowed out. Although the fire was contained within fifteen or twenty minutes by the fire department, the compartment sustained substantial damage during the period that the fire was unchecked. That same evening, appellant's compartment was inspected by its president and the firemen. No damage was found. Returning the next day, appellant's president re-confirmed that no fire or water damage had been sustained in its compartment.

On November 29, 1978, appellee's employee visited the warehouse for the purpose of returning the sprinkler system to service. The employee discovered that the valve which controlled the flow of water to the pipes and sprinkler heads above the burned compartment, as well as those above appellant's compartment, had been closed. Because no water was flowing through the pipes, the system was "dry." Leaving the valve closed and the system "dry," the employee replaced the "fused" sprinkler heads in the burned compartment. That task accomplished, the employee returned the system to its "wet" state by opening the valve and allowing water to once again flow through the pipes. The employee then left the warehouse, apparently without determining if there were any leaks or unreplaced "fused" sprinkler heads.

The employee returned to the warehouse the following morning. At that time he discovered that water was flowing from the ceiling of appellant's compartment. Taking a flashlight, the employee went through a "scuttle hole" and discovered a "fused" sprinkler head above the ceiling of appellant's compartment. Water was flowing from the sprinkler head, hitting the ceiling and then spreading and dripping over the materials stored in appellant's compartment. The

sprinkler head was replaced and further investigation revealed a hole in the common fire wall between appellant's compartment and the adjoining one where the fire had occurred. This hole was only a few feet from the "fused" sprinkler head over appellant's compartment. The evidence at trial suggested that the heat from the fire in the adjoining compartment had entered the hole in the fire wall causing the sprinkler head over appellant's compartment to "fuse." Apparently no water had flowed from this "fused" sprinkler head on the night of the fire, just as none had flowed from the sprinklers in the adjoining compartment. However, when the "fused" sprinkler heads had been replaced in the adjoining compartment and water had then been allowed to flow through the pipes, the result was the undetected and unstaunched flow of water from the unreplaced "fused" sprinkler head over appellant's compartment.

Appellant brought suit against appellee for recovery of the property damage sustained as the result of the water flowing from the "fused" sprinkler head. The case was submitted to the jury and a verdict for appellee was returned. Judgment was entered on the verdict and appellant appeals.

1. Error is enumerated upon the giving of the following charge: "If the plaintiff, by the exercise of ordinary care, could have avoided the consquences to it caused by the defendant's negligence, if any, the plaintiff is not entitled to recover. Thus, if you find that the defendant was negligent in failing to properly inspect the sprinkler system, but that *the plaintiff in its exercise of ordinary care should have examined this property after the fire,* then the plaintiff is not entitled to recover. Every person had a duty to exercise ordinary care for the safety of its own property." (Emphasis supplied.)

A charge on the avoidance doctrine is not authorized in every negligence case. " 'The law is well established that where there is no evidence at all of any negligence on the part of the plaintiff, an instruction on this subject is error.' [Cit.]" *Taylor v. Haygood,* 113 Ga. App. 30, 33 (147 SE2d 48) (1966). "The burden of proof rests upon the defendant to establish this defense. [Cits.] . . . [T]he rule applies only after the defendant's negligence begins and its existence becomes apparent. [Cits.]" *Williams v. Southern R. Co.,* 126 Ga. 710, 711 (55 SE 948) (1906).

There is absolutely no evidence in the instant case showing that appellant knew, or in the exercise of ordinary care, should have detected the possibility that damage to its property impended as the result of appellee's asserted negligence in inspecting the sprinkler system and in the consequent continuing maintenance of a "fusable" sprinkler head in close proximity to a breach in the fire wall. Indeed, the evidence demonstrates that after the fire appellant's president

and the firemen *did* inspect the premises and discovered nothing indicating that the fire in the adjoining compartment had resulted in any apparent harm to appellant's property. It is apparently true that appellant's president did not go through the "scuttle hole" and inspect the area above the ceiling of its premises where the "fused" sprinkler head was located. However, there is nothing to indicate that appellant should have examined the area above *its* ceiling for "fused" sprinkler heads when, to all outward appearances, the fire and water damage had been adequately contained and limited to the adjoining property. It was not until two days *after* the fire when appellee's employee allowed water to flow through the system that it should have become apparent that appellant's property was in danger. The plaintiff "is not bound to anticipate that some one else will be negligent or injure his property. He is not required to guard against the possible results of defendant's act so long as it is uncertain whether that act will culminate in an injury to his property. When negligence becomes active, and a plaintiff knows it, he too must be active to avoid consequences which he now sees and knows to be impending. But *as long as the defendant's force is quiescent, the plaintiff himself may remain quiescent. In the presence of a seen danger he must protect his goods, but he is not required to guard against a possible or contingent calamity.* [Cit.]" (Emphasis supplied.) *Mansfield v. Richardson,* 118 Ga. 250, 252 (45 SE 269) (1903).

Appellee had apparently contracted with the warehouse owner to provide inspection service on the sprinkler system, and there is nothing to indicate that appellant was not entitled to rely upon appellee's performance of that contract before and after the fire. See *Huggins v. Aetna Cas. &c. Co.,* 245 Ga. 248 (264 SE2d 191) (1980). Compare *American Mut. Liability Ins. Co. v. Jones,* 157 Ga. App. 722 (278 SE2d 410) (1981); *Argonaut Ins. Co. v. Clark,* 154 Ga. App. 183 (267 SE2d 797) (1980). Thus, the initial duty to inspect the system for latent defects was on appellee, not appellant, the only duty on appellant being to exercise ordinary care to discover and avoid appellee's negligence after "its existence [became] apparent." *Williams v. Southern R. Co.,* supra at 711. Appellee seemingly asserts that simply because the damage occurred, appellant might have been negligent in failing to discover and avoid it and that it was for the jury to determine whether appellant was negligent in this regard. If, however, a charge on the avoidance doctrine is authorized, as appellee apparently urges, merely upon evidence that an injury has occurred, such an instruction would be required in every negligence case. As noted above, this is not the law. In the instant case, as in *Moore v. Price,* 158 Ga. App. 566 (281 SE2d 269) (1981), a charge on the

avoidance doctrine was not authorized by the evidence adduced at trial and it was reversible error to give such an instruction.

2. Error is also enumerated upon the giving of the following charge: "Every person has a duty to exercise ordinary care for the safety of [his] own property. If you should determine from the evidence that the plaintiff failed to exercise ordinary care for the safety of its property, and that this failure on its part was the proximate cause of its injuries, it could not recover." As in *Moore v. Price,* supra, there is no evidence that appellant was actively negligent with regard to the sprinkler system and the only possible way it might have been negligent was in failing to detect and avoid the consequences of appellee's negligence. As has been thoroughly discussed in Division 1 of this opinion, a charge on the avoidance doctrine was not authorized by the evidence in the instant case. Accordingly, the charge was erroneously given. *Moore v. Price,* supra.

3. The giving of the following instruction is enumerated as error: "The owner of a building has a duty to maintain the building in proper condition. Should you find, therefore, that the damage to the plaintiff's property was caused by a hole in the fire wall separating the plaintiff's section of the warehouse from that section which caught on fire, and that the defendant was not negligent in failing to discover this hole, then you must find for the defendant. Should you find that the fire as a result of the hole in the wall caused the sprinkler head in the plaintiff's compartment to fuse, and *that the head would have been fused because of the hole in the fire wall, even if the sprinkler system had come on immediately,* then you must find for the defendant unless you find further that the defendant was negligent in failing to detect that a sprinkler head that had fused had not been repaired before turning the system back on." (Emphasis supplied.)

Appellee asserts that an instruction to the effect that it would not be liable if the sprinkler head "fused" in appellant's compartment as the result of the hole in the fire wall, regardless of the failure of the sprinkler heads to fuse properly in the adjoining compartment, was authorized by evidence adduced at trial to the effect that heat rises. On this evidence alone, appellee contends that a finding would have been authorized that the sprinkler head in appellant's compartment "fused" *before* those in the adjoining compartment because of its close proximity to the above-the-ceiling hole in the fire wall. Thus, appellee contends that "even if the sprinkler system had come on immediately," if the sprinkler head in appellant's compartment "fused" first as the result of the hole in the fire wall, it would not be liable to appellant unless it negligently failed to discover that situation.

The charge was, in its above emphasized portion, an invitation

to the jury "to engage in speculation and to reach conclusions entirely unsupported by the evidence." *Exum v. Long,* 157 Ga. App. 592, 595 (278 SE2d 13) (1981). This is true because the uncontradicted evidence is that the sprinkler system did *not* come on immediately or at any time during the fire, as apparently it should have. The instruction as given in the instant case actually could allow appellee to benefit from the fact that the sprinkler system, over which it had inspection responsibilities, did not function properly. We find that the charge was speculative, not authorized by the evidence, argumentative and erroneously given. *Exum v. Long,* supra.

4. The following charge is enumerated as error: "[I]f you find that the defendant was negligent in failing properly to inspect the sprinkler system before the fire, but that the injury to the plaintiff's property was caused by the act of a third person, defendant may not be held liable for such damage if you find further that a reasonably prudent person, situated as the defendant was prior to the happening of the incident, would not have foreseen an act of the kind committed by the third person as a probable consequence of the defendant's negligence. If you find that a probable prudent person would not have foreseen an act of the kind committed by the third person as a probable consequence of a defendant's negligence, then the defendant is not responsible for the plaintiff's damage and your verdict must be for the defendant."

There was no evidence that the fire was intentionally set. Therefore, the charge as given essentially instructed the jury that it could not return a verdict for appellant based upon appellee's negligent inspection if appellee could not have foreseen that an accidental fire might break out in the warehouse. However, the sprinkler system, over which appellee held inspection responsibilities, was ostensibly premised upon the very occurrence of such an event. Thus, the giving of the instruction under the circumstances of the instant case would not be unlike charging that one who negligently inspects a malfunctioning burglar alarm system might not foresee that the probable result would be a successful burglary of the premises.

" ' "If the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequence could reasonably have been anticipated, apprehended, or foreseen by the original wrongdoer, the causal connection is not broken, and the original wrongdoer is responsible for all of the consequences resulting from the intervening act." ' [Cits.]" *Medlin v. Bickford,* 106 Ga. App. 859, 861 (128 SE2d 531) (1962). It seems clear that it could reasonably have been anticipated that the probable and natural consequence of a

negligent inspection of the sprinkler system would be an unchecked fire resulting from a malfunctioning system. Accordingly, such a fire would not be a supervening efficient cause, cutting off liability for damages otherwise traceable to the failure to inspect the system. Such a fire, "being the very force to be anticipated and guarded against, would not break the causal connection between the original act and the injury inflicted." *Taylor v. Atlanta Gas Light Co.,* 93 Ga. App. 766, 769-770 (92 SE2d 709) (1956).

It is of no consequence that appellee might not have reasonably anticipated that the actual result of its negligence in inspecting the sprinkler system would be water damage in appellant's compartment occurring after an unchecked fire in the adjoining rental unit. *Stuart v. Berry,* 107 Ga. App. 531, 537-538 (130 SE2d 838) (1963). The fire in the adjoining compartment, in and of itself, was not sufficient to stand as the cause of appellant's injury. The damage to appellant's property was at least the *combined* result of the fire and the malfunction of the sprinkler system in *both* compartments, the latter occurrence being the alleged result of appellee's breach of its duty to inspect the system. The occurrence of the fire did not authorize the challenged charge. " 'If the negligent act of a person is according to human experience calculated to induce or invite disaster through the negligence of another, he cannot rely upon the doctrine of an intervening cause to insulate him from liability.' [Cit.]" *Stuart v. Berry,* supra at 538.

Appellee also asserts that the charge was applicable to the alleged failure of appellant's landlord, as a "third person," to repair the breached fire wall. "It is well settled that there can be no proximate cause where there has *intervened between the act of the defendant and the injury* to the plaintiff, an independent, intervening, act of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury. [Cit.]" (Emphasis supplied.) *Union Carbide Corp. v. Holton,* 136 Ga. App. 726, 729 (222 SE2d 105) (1975). In the instant case, there is no evidence that the failure to discover and repair the fire wall *intervened* between appellee's alleged negligent inspection and the damage to appellant's property. Indeed, it was apparently the very failure to discover the hole in the fire wall during the course of appellee's previous inspections and, as the result, the failure to recognize and take the necessary precautions to protect appellant's property from the possibility of a "fused" sprinkler head that was asserted to be negligence on the part of the appellee. "[T]he issue of intervening proximate cause . . . assumes cause in fact exists but denies liability based upon the unforeseeability of the *subsequent intervening acts of*

*third persons* which preponderate in causing the injuries. [Cit.]" (Emphasis supplied.) *Firestone Tire &c. Co. v. Pinyan,* 155 Ga. App. 343, 348 (270 SE2d 883) (1980). The charge on supervening, efficient cause was not authorized based upon the landlord's duty to repair the fire wall.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 15, 1983.

*James V. Hilburn,* for appellant.
*Richard H. Sinkfield,* for appellee.