76782. PROGRESSIVE CASUALTY INSURANCE COMPANY
v. SCOTT.
(371 SE2d 881)

DEEN, Presiding Judge.

On February 21, 1986, Ronald Scott was killed when the motorcycle he was riding struck a truck driven by Clyde Hutchinson, who was hauling agricultural products. Scott's widow filed this direct action against Hutchinson's insurer, Progressive Casualty Insurance Company (Progressive). Progressive moved for summary judgment on the grounds that the direct action against it was improper. The trial court denied that motion, and this interlocutory appeal by Progressive followed.

In December 1985, Progressive had filed with the Public Service Commission (PSC) an insurance policy covering Hutchinson. That policy was on file with the PSC until April 1986, at which time the PSC returned the policy to Progressive because of an incorrect address. Progressive never bothered correcting the error because it cancelled the policy. Prior to December 1985, the PSC had issued Hutchinson a registration permit as an interstate carrier of exempt commodities in accordance with OCGA § 46-7-61. The PSC, however, suspended this permit retroactively as of December 5, 1985, when no corrected insurance policy was ever submitted in April 1986. *Held*:

OCGA § 46-7-58 (e) of the Motor Carrier Act provides that if a motor carrier submits an insurance policy to the PSC for the protection of the public against injuries caused by the motor carrier's negligence, then any person asserting a claim for such an injury may "join the motor carrier and the insurance carrier in the same action. . . ." This joinder provision applies both to fully regulated truckers and to truckers operating with registration permits pursuant to OCGA § 46-7-61. *Westport Trucking Co. v. Griffin*, 254 Ga. 361 (329 SE2d 487) (1985).

Progressive contends, however, that the direct action against it was improper because Hutchinson's vehicle was exempt under OCGA § 46-1-1 (8) from these regulations regarding motor contract carriers. The OCGA § 46-1-1 (8) in effect at the time of the incident, in defining motor contract carrier, did exclude motor vehicles engaged exclusively in the transportation of exempt agricultural products, but the

pleadings and evidence certainly did not establish beyond question the fact that Hutchinson fell within that exempted category. It was shown that Hutchinson was hauling agricultural products on February 21, 1986, but not that his truck was used *exclusively* for the transportation of such exempt products.

Progressive also contends that it was entitled to summary judgment because the insurance policy was never approved by the PSC. In construing OCGA § 46-7-12, regarding the allowance of direct actions against the insurers of motor common carriers, this court held that proof that such insurance policy had been "filed with and approved by the Public Service Commission" was an essential element to a direct cause of action against the insurer. *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508, 510 (359 SE2d 351) (1987). The pertinent provisions of OCGA § 46-7-58, regarding motor contract carriers, are identical to the corresponding provisions of OCGA § 46-7-12. It follows that proof of filing of the insurance policy and approval by the PSC is likewise essential to allowing a direct action against the insurer of a motor contract carrier.

However, in this case there was sufficient evidence of filing of the policy and approval by the PSC to withstand a motion for summary judgment. The affidavit of the PSC Director of Compliance, which indicated that Hutchinson's registration permit was suspended as of February 21, 1986, and that no insurance policy was on file with the PSC as of February 21, 1986, was thoroughly contradicted by the remainder of the record, including admissions made by Progressive. Indeed, there is no doubt that as of the actual day of February 21, 1986, Hutchinson's permit had not been suspended and the insurance policy was on file with the PSC. Concerning the issue of actual approval of the policy by the PSC, there is no evidence either way. The sole predicate for Progressive's contention that the PSC had not approved the policy was the affidavit of the PSC compliance officer stating that no policy was on file with the PSC. That statement having been contradicted by Progressive itself in its admissions, Progressive's contention is unsupported. The trial court properly denied summary judgment for Progressive.

*Judgment affirmed. Carley and Sognier, JJ., concur in the judgment only.*

DECIDED JULY 5, 1988 —
REHEARING DENIED JULY 27, 1988 ▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇ Chatham Superior Court. Before Judge Cheatham.

*Charles W. Brannon, Jr.*, for appellant.

*Richard H. Middleton, Jr., Barry R. Brown,* for appellee.