Fred M. KENNEDY as Guardian Ad Litem of Anthony Glover, Plaintiff,

v.

GEORGIA–CAROLINA REFUSE AND WASTE COMPANY, INC., First Defendant,

American States Insurance Company, Second Defendant.

Civ. A. No. CV189–090.

United States District Court, S.D. Georgia, Augusta Division.

June 1, 1990.

G. Larry Bonner, Danny Durham, Augusta, Ga., for plaintiff.

Robert L. Allgood, Augusta, Ga., for defendants.

ORDER

BOWEN, District Judge.

Plaintiff Fred M. Kennedy, as Guardian Ad Litem of Anthony Glover, brings this action against first defendant, Georgia-Carolina Refuse and Waste Company, Inc., and second defendant, American States Insurance Company (American States), for injuries sustained by Anthony Glover in an automobile accident. Subject matter jurisdiction for this action is founded on diversity of citizenship. 28 U.S.C. § 1332. Anthony Glover was injured when a vehicle in which he was riding, driven by his father, collided with a garbage truck owned by first defendant and driven by its employee. First defendant is insured under a policy of liability insurance with American States. Currently pending before the Court is American States' motion to dismiss or, in the alternative, motion for summary judgment. Since I will consider matters outside the pleadings in ruling on American States' motion, the motion shall be treated as one for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

Summary judgment should be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing that there is no genuine dispute as to any material fact in the case. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Clemons v. Dougherty County, Ga.,* 684 F.2d 1365, 1368 (11th Cir.1982). The party moving for summary judgment may meet this burden by showing that the non-movant has failed to make a showing sufficient to establish the existence of an element essential to the non-movant's case, and on which the non-movant will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If there is any factual issue in the record that is unresolved by the motion for summary judgment, then the Court may not decide that matter. *See Environmental Defense Fund v. Marsh,* 651 F.2d 983, 991

(5th Cir.1981). All reasonable doubts must be resolved in favor of the party opposing summary judgment. *Casey Enterprises v. American Hardware Mutual Insurance Co.*, 655 F.2d 598, 602 (5th Cir.1981). When, however, the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1985). This burden cannot be carried by reliance on the pleadings, or by repetition of the conclusory allegations contained in the complaint. *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir.1981). Rather, the opposing party must respond by affidavits or as otherwise provided in Fed.R.Civ.P. 56.

The file indicates that the clerk notified the plaintiff of the consequences for failure to respond to the motion for summary judgment. *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir.1985). The plaintiff having had a reasonable opportunity to respond to the motion, I will now rule on American States' motion for summary judgment.

Plaintiff alleges that American States ignored state and federal regulations by not requiring first defendant's drivers, operating in interstate commerce, to be qualified to drive a motor vehicle pursuant to the standards of the Federal Motor Carrier Safety Regulations. Plaintiff cites to the Department of Transportation Act, 49 U.S.C.App. § 1655, 49 CFR 391.1 et seq., which sets forth criteria for drivers of motor carriers operating in interstate commerce. For example, these criteria include experience, training, successful completion of road tests and physical examinations. Plaintiff contends that American States was negligent in not assuring the public's safety by merely inquiring into whether or not the first defendant's, its insured's, drivers satisfied these criteria.

On the other hand, plaintiff alleges that American States did attempt to require that first defendant use safe drivers and safe vehicles in its business operations when American States conducted an initial survey to obtain information for underwriting purposes. Plaintiff asserts that this survey constituted an inspection for which American States can be held liable to foreseeable third parties for injuries proximately caused by its negligent performance. Specifically, plaintiff contends that the particular employee of first defendant who was driving the garbage truck at the time of the accident has a bad driving record and that this fact should have been discovered and corrected by American States.

Conversely, American States argues that the four essential elements for establishing a cause of action for negligence under Georgia law are not present with respect to the tort claims pending against it. Primarily, American States contends that it did not owe plaintiff the duty of inspecting first defendant's drivers in order to ensure plaintiff's safety. American States contends that absent contractual requirements, there is no duty under Georgia law requiring an insurer to undertake any inspection of its insured's vehicles or drivers. American States argues that plaintiff is seeking to impose a duty upon insurers to supervise the hiring and firing of all employees for all companies which it insures. Such a duty, American States contends, would be overburdensome and impossible to perform.

In his complaint, plaintiff alleges that American States was the liability insurer of the activities of first defendant, and, therefore, American States was properly named as a defendant to this action pursuant to the provisions of O.C.G.A. § 46-7-58(e). This section is an exception to the general rule that "an insurer may not be joined as a party defendant with its insured where there has been no judgment previously obtained against the insured ..." *Brunson v. Valley Coaches*, 173 Ga. App. 667, 669, 327 S.E.2d 758 (1985). Section 46-7-58(e) deals with indemnity insurers for motor contract carriers and states the following:

> It shall be permissible under this article for any person having a cause of action arising under this article in tort or contract to join in the same action the

> motor carrier and its surety, in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract.

Under this section, the action against the insurance carrier is based on contract, with the public as the third party beneficiary of the contract. *Ellerbee v. Interstate Contract Carrier Corporation,* 183 Ga.App. 828, 829, 360 S.E.2d 280 (1987). Proof of filing of the insurance policy and approval by the PSC is essential to allowing a direct cause of action against the insurer. *Progressive Casualty Insurance Company v. Scott,* 188 Ga.App. 75, 76, 371 S.E.2d 881 (1988); and *Glenn McClendon Trucking Co., Inc. v. Williams,* 183 Ga.App. 508, 509, 359 S.E.2d 351 (1987).

> Evidence merely that the alleged tortfeasor had secured a policy which provided liability coverage would show only the existence of a policy which indemnified the alleged tortfeasor himself against loss for his own liability. Such proof would fail to show that the injured party was a third-party beneficiary who had a direct pre-judgment cause of action in contract against the insurer itself.

*Glenn McClendon Trucking Co., Inc. v. Williams,* 183 Ga.App. at 509, 359 S.E.2d 351.

In the instant case, American States' brief in support of its motion for summary judgment states that the policy issued by it to first defendant was a liability policy, not an indemnity policy. Plaintiff does not rebut this assertion and has failed to allege that the policy issued by American States to first defendant was given in lieu of bond as required by 46–7–58(e). Plaintiff has also failed to show that the insurance policy issued by American States was filed and approved by the Public Service Commission. Moreover, in response to American States' motion, plaintiff relies solely upon causes of action based in tort, not contract. Therefore, I conclude that plaintiff has failed to establish the essential elements necessary for bringing a direct contract action against an insurer under Section 46–7–58(e). Plaintiff has also raised two tort claims against American States.

First, plaintiff alleges that American States was negligent in not requiring first defendant's drivers to adhere to state and federal regulations governing motor carriers operating in interstate commerce. Plaintiff fails to cite any such state regulations. Moreover, although the criteria contained in the federal regulations cited by plaintiff may impose a legal duty with respect to owners and operators of motor carriers, there is no indication that they were intended to impose such a duty on the insurers of motor carriers. Plaintiff's brief is void of any case law which interprets these federal regulations as imposing a duty upon insurers. Consequently, I conclude that this claim fails to establish one of the essential elements required to state a cause of action for negligence in Georgia: "A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm." *Bradley Center, Inc. v. Wessner,* 250 Ga. 199, 200, 296 S.E.2d 693 (1982).[1]

Next, plaintiff alleges that American States is liable for its negligent inspection of first defendant's drivers and vehicles. In support of this claim, plaintiff relies upon the affidavit of Julius Robert Calloway, III, which was attached to American States motion for summary judgment. Mr. Calloway is the loss control representative for American States. He states that a part of his duties consists of visiting the location of each prospective insured to "conduct a survey of its operations, accident history, training and hiring programs and size of the operation." (Calloway affidavit, p. 2). Mr. Calloway further states that this information is "obtained from the owner of

1. Plaintiff urges the Court to impose a duty on insurers of motor carriers to become intricately involved in the personnel decisions of its insureds. Specifically, plaintiff alleges that insurers have a duty to supervise the testing and training of drivers for insured motor carriers. The additional manpower required by insurance companies to accomplish this task would be astronomical and the cost to the insureds prohibitive.

the business and is used solely for determining whether or not to insure such business." *Id.* Mr. Calloway also states that after this initial survey, no additional tests or surveys are performed on the insured and that the policy of insurance issued by American States to first defendant does not require American States to supervise first defendant's hiring and firing policies. *Id.*

Plaintiff argues that Mr. Calloway's testimony supports his contention that American States did inspect first defendant's operations and attempted to require that first defendant use safe drivers and vehicles. Moreover, plaintiff alleges that if American States were negligent in performing this inspection, it is liable to plaintiff for injuries proximately caused by its negligence. In support of this assertion, plaintiff cites *Huggins v. Aetna Casualty & Surety Co.*, 245 Ga. 248, 264 S.E.2d 191 (1980). In *Huggins*, an employee of the insured was permanently injured when his hand and arm were caught in the roller end of a paper board machine. Plaintiff sued his employer's insurance companies for negligent inspection. The *Huggins'* Court held that "reliance by either the employee or the employer on their [insurance companies'] inspections is sufficient to give rise to a cause of action in tort for negligent inspection by the insurance companies ..." *Huggins v. Aetna Casualty & Surety Co.*, 245 Ga. 248, 264 S.E.2d 191.

Conversely, citing the case of *St. Paul Fire and Marine Insurance Company v. Davidson*, 148 Ga.App. 82, 251 S.E.2d 32 (1978)[2], American States argues that there is no duty under Georgia law for an insurer to undertake any inspection of its insured's vehicles or drivers unless provided for in the contract of insurance. However, the court recognized that "a general liability insurer may incur liability for its negligently performed safety inspections of an insured's premises even if gratuitously undertaken." *Id.* at 83, 251 S.E.2d 32. In *St. Paul*, the court held that the alleged negligence was not the proximate cause of decedent's death. Moreover, the court stated "the record is utterly devoid of evidence or even allegation that the deceased relied upon appellant to perform safety inspections, a condition precedent to the imposition of liability for the insurer's allegedly negligent inspection." *Id.* at 84, 251 S.E.2d 32. Therefore, Georgia case law clearly establishes a cause of action based in tort for negligent inspection by insurance companies. However, as discussed by the court in *St. Paul*, plaintiff must establish certain elements as a prerequisite for bringing an action based on negligent inspection.

In *St. Paul*, as in the instant case, the insurance contract did not require an inspection; however, the insurance company performed a survey of the insured's vehicles for the purpose of providing information for underwriting purposes. The vehicle in which decedent died was not on the insured's premises at the time of the inspection. Therefore, the court held that the alleged negligent inspection was not the proximate cause of decedent's death. Moreover, the court held that since no other vehicles were ever inspected by the insurer and the contract of insurance did not require an inspection, "... the evidence totally fails to support appellee's contention that appellant had a duty to inspect all of Atlantic's vehicles." *Id.* at 84, 251 S.E.2d 32. Additionally, as previously discussed, the court held that in order to recover, a plaintiff must show that he or she relied upon the inspection and that the injuries the plaintiff suffered were proximately caused by the insurer's negligent inspection. See also *Cleveland v. American Motorists Insurance Company*, 163 Ga.App. 748, 295 S.E.2d 190 (1982).

Unlike the injured parties in the precedent cases cited by plaintiff in support of his claim for negligent inspection, the injured party in the instant case was not an

2. In *St. Paul*, decedent's wife brought suit against an insurance company alleging that the company's negligent inspection caused her husband's death. The insurance company issued a liability insurance policy to decedent's employer which covered vehicles owned by said employer. While traveling in a vehicle owned by his employer, decedent was killed when the vehicle struck a bridge abutment, allegedly as a result of defective tires.

employee of the insured. The injured party in this case was a passenger in a car driven by a third party which was involved in an accident with a garbage truck driven by an employee of first defendant and insured by American States. Plaintiff has failed to establish, or even allege, that the injured third-party relied upon the survey conducted by American States.[3] Moreover, the insurance contract between American States and first defendant did not require any inspections by the former. This fact militates against imposing a duty on American States to continually inspect the drivers of first defendant. Therefore, I conclude as a matter of law that plaintiff has failed to establish his claim for negligent inspection. Accordingly, American States' motion for summary judgment is GRANTED.

ORDER ENTERED.

---

**3.** In his brief, plaintiff argues that Anthony Glover, the injured party, "had a right, as any other citizen would have, to expect that ... American States Insurance Company, would have made sure through their safety inspection that all state and federal standards were met." (Plaintiff's brief in opposition to American States' motion to dismiss or in the alternative summary judgment, p. 7). As illustrated by Georgia case law, this "expectancy" by the injured party does not constitute reliance sufficient to establish a cause of action for the tort of negligent inspection.