43685.   LEONARD v. KIRKPATRICK.

Argued June 5, 1968—Decided September 3, 1968.

*L. B. Kent*, for appellant.

*Kelly, Champion & Henson, S. E. Kelly, Kenneth M. Henson, Forrest L. Champion, Jr., John W. Denney, J. Norman Pease, Ray Allison*, for appellee.

DEEN, Judge. 1. It has been stated by this court on several occasions that the jury in awarding damages may take into consideration, from their general knowledge and experience of human affairs, that the economy is in a period of inflation or depression as the case may be. *Seaboard A.-L. R. v. Miller*, 5 Ga. App. 402 (63 SE 299); *Fields v. Jackson*, 102 Ga. App. 117, 123 (115 SE2d 877); *Jordan v. Fowler*, 104 Ga. App. 824, 827 (123 SE2d 334). Under certain circumstances, however, a charge to this effect has been held error. *J. J. Woodside Storage Co. v. Carr*, 108 Ga. App. 34, 37 (132 SE2d 241). It has also been indicated that a refusal to give an instruction would not be error because "it is hardly necessary to remind a jury of the diminished purchasing power of the dollar, as the jurors are reminded of it almost daily when they purchase the necessaries of life." Willard v. Hutson, 234 Ore. 148, 168 (378 P2d 966, 1 ALR3d 1092). A request to instruct the jury that they might consider the effects of inflation was here made and refused. Regardless of whether the refusal to include language to this effect in the instructions to the jury when proper objection is made would be error in any case, it could be harmful error only in cases where a sufficient time has elapsed between the time of injury and the time of trial so that the purchasing power of the dollar has demonstrably declined in the meantime, or where damages are to be awarded for future pain and suffering or loss of future earnings where there is evidence that the purchasing power of the dollar will continue to decline, or where there is some reason for reminding the jury that an adequate yardstick for compensation is not the same as it was in bygone times. On the other hand, for the court to remind the jury in connection with damages awarded that they are living in a period of inflation might be construed as an inclination on the part of the court to encourage the jury toward greater generosity. Whether

or not to give such an instruction should accordingly be left somewhat within the discretion of the trial court. In the present case, where the action was tried in less than eight months from the injury, and where the plaintiff testified that she was back up to par, had no problem with working, and still hurt sometimes but not much, the refusal of the request was not error.

2. The substance of the plaintiff's request to charge on future medical expenses, pain and suffering, loss of earning capacity and kindred matters was not error. There was no testimony from which any amount for future medical expenses could be inferred with any degree of certainty. *Hughes v. Brown,* 109 Ga. App. 578 (1) (136 SE2d 403). The instructions regarding other items of damage in futurity were substantially included in the instructions given. *Carnes v. State,* 115 Ga. App. 387 (5) (154 SE2d 781).

3. Under the defendant's evidence as set out in the statement of facts, supra, it was proper to charge the jury on the doctrine of emergency, the question of whether or not an emergency existed being properly for the jury except in plain and indisputable cases. *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (2) (22 SE2d 336).

4. The last three enumerations of error attack the size of the verdict on various grounds. It cannot be said as a matter of law that the $760 returned is so small as to bear on its face the brand of bias and prejudice. Nor can it be said that it was as a matter of law inadequate because less than the special damages, for while the plaintiff's testimony regarding her drug and medical bills and loss of earnings (the only special damages sought) totalled $787, the petition sought special damages in the amount of only $690, and in the absence of amendment the plaintiff is not entitled to insist on a larger sum for these items. As to the failure to charge that Mr. Leonard's negligence, if any, was not imputable to his wife, it has been held that in the absence of request, in an action by a guest passenger against a third party tortfeasor only, it is not error *in the absence of request* to fail to charge that the negligence of the driver is not to be imputed to the guest passenger, even though the cases of the guest and her driver are tried together, and even though

there is an instruction on comparative negligence, where comparative negligence is charged specifically in relation to the possible negligence of the host driver as affecting that plaintiff's recovery. Here the court charged that "if there was negligence on the part of the plaintiff *Paul* Leonard . . . a reduction in the amount of the plaintiff Paul Leonard's damages would be required. If you find that there was such negligence of the defendant as to make the defendant liable to the plaintiff Paul Leonard, and you further find there was some negligence on the part of the plaintiff Paul Leonard contributing to the plaintiff Paul Leonard's injury and damage but such negligence of the plaintiff Paul Leonard was less than the defendant's negligence, then I instruct you that this negligence on the part of the plaintiff Paul Leonard would not prevent the plaintiff Paul Leonard's recovery of damages in this case; but would require that you reduce the amount of damages which would otherwise be awarded to plaintiff Paul Leonard in proportion to the negligence of plaintiff Paul Leonard compared with that of the defendant." The reiteration of the name of the single plaintiff makes it most unlikely that the jury would have referred this instruction to Mrs. Leonard, the appellant here.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*