**52806, 52807. ELSBERRY et al. v. LEWIS et al.; and vice versa.**

DEEN, Presiding Judge.

This is a wrongful death action by the children of Mrs. Marie Lewis, who was killed when an automobile driven by her and one driven by Elsberry and owned by his father suffered a head-on collision while rounding an S-curve. The physical evidence suggested that plaintiffs' decedent's vehicle suffered primary damage to its left front, while that of the defendant was spread across the front of the vehicle. The defendant's vehicle spun around in the road while that of Mrs. Lewis was stopped or pushed backward and off the right side of the highway. A witness who heard the crash saw the defendant's vehicle, horn blowing, enter the curve at a high rate of speed immediately prior thereto. This and other evidence amply supported the proposition that the point of impact was near but still on Mrs. Lewis' side of the road. The jury returned a verdict for the plaintiffs and the defendants appeal, while a cross appeal assigns error on certain evidentiary rulings. *Held:*

1. This court cannot say as a matter of law that a verdict of $60,000 for the death of an active woman in good health and 75 years of age, with a life expectancy of over ten years, is so excessive as to "carry its death warrant on its face." Cf. *Jones v. Spindel,* 128 Ga. App. 88, 92 (196 SE2d 22). It is conceded that there is no evidence in the record other than the amount of the verdict which would justify an inference of gross mistake or undue bias under Code § 105-2015.

2. On the jury voir dire a question was asked of the panel as a whole whether any juror would be opposed to an award of substantial damages under specified circumstances. One juror volunteered that his grandmother had just died and the insurance company had refused to pay the proceeds of her policy. Asked whether that company was Liberty Mutual he replied in the negative, and counsel for the defendant then moved for a mistrial. In view of the fact that the jury had already been qualified as to Liberty Mutual Insurance, this question furnished the prospective jurors with no new

information, especially since it followed on the heels of a statement by another juror that he had once had a policy with Liberty Mutual but had been forced to cancel it. We agree with the appellees that under these circumstances the question was helpful rather than otherwise, since the jury as a whole might have been left with the impression that it was the insurance company as to which they had been qualified (and no jury can remain ignorant after the qualification questions that the named company is interested in the litigation in some way) which had refused payment. The mistrial motion was properly overruled.

3. The driver of the car following that operated by the plaintiffs' decedent was deposed to the effect that Mrs. Lewis was driving between 30 and 35 miles per hour, was in his view the entire time, was on her own side of the road, and that as they got into the curves the defendant's vehicle, approaching, fishtailed into her car. On cross examination questions were read from a prior statement made by the witness in which he stated that his eyes did not focus on the vehicles at the exact instant of impact, that both were very near the center line, and so on. The defendants thereafter offered the prior allegedly contradictory statement in evidence and enumerate its rejection as error. It is well settled that written statements tending to impeach the witness' own testimony are admissible. *Krasner v. Lester,* 130 Ga. App. 234 (202 SE2d 693); *Hodges v. Haverty,* 115 Ga. App. 199 (154 SE2d 276); *Reeves v. Callaway,* 140 Ga. 101 (1) (78 SE 717); *Beckworth v. State,* 183 Ga. 871 (190 SE 184); *State Hwy. Dept. v. Raines,* 129 Ga. App. 123 (199 SE2d 96); *Manley v. Combs,* 197 Ga. 768 (30 SE2d 485). We agree with the appellants that had the entire statement been admitted, the plaintiffs, under the ruling in these cases, perhaps might not have complained. But we are satisfied that here, where the deposition was not (and could not have been) admitted to the jury room, the recorded prior statement which was read into that deposition should not be there either, both having been read to the jury. It is of course true that not *all* of the questions and answers of the original statement were read into the deposition, but comparison shows that those in alleged conflict with the

testimony were in fact read to the witness and he readily admitted having answered as shown by the transcription of the recording. The appellant relies on no other statements than those read to the deponent. Such a transcription, although assented to by the deponent, is different from a letter or other document prepared by the witness, and is itself originally an oral statement later reduced to writing by the opposing party. As held in *Pethel v. Waters,* 220 Ga. 543, 553 (140 SE2d 252): "[W]here the witness is read a transcript of his testimony given on a previous hearing and admits he testified as shown by the documents, it may be excluded when offered in evidence." Had the witness here in fact denied making any of the statements shown by the prior recording, the document with his signature thereon would of course have been admissible for impeachment purposes.

4. We agree with the appellee that the only instruction of the court on the subject of damages to which the defendant objected, and which he is therefore entitled to urge before this court, was the sentence: "However, in assessing damages for the homicide, the jury may take into consideration the loss of comfort, protection, companionship, and society which the deceased would have afforded her immediate family if she had lived." In the next paragraph he continued: "You are instructed that plaintiffs' recovery, if at all, must be confined to the pecuniary loss being the full value of the life of the decedent and nothing can be allowed or recovered for the grief or wounded feelings of the beneficiaries, or to compensate them for the mere loss of society and companionship which they may have suffered . . . the measure of damages for the wrongful death is the full value of the life of the decedent as shown by the evidence. In this connection, pain and suffering, medical and funeral expenses, are not recoverable in this case. . . I instruct you that the law does not permit recovery to persons bringing action for wrongful death for their own personal mental or physical agonies or sufferings because of the death of their mother, nor for the loss of the society, comfort, company and companionship of the deceased mother."

In view of the qualifications placed upon the sentence

objected to, and although we disapprove it as capable of being easily misunderstood by a jury, we think the meaning of this element of the charge is clear and does not constitute reversible error. It is well-settled that there can be no recovery for solatium. *Bulloch County Hospital Authority v. Fowler,* 124 Ga. App. 242 (183 SE2d 586). "We have found no Georgia case, either in tort or contract, where damages for mental anguish of a relative or friend due solely to grief over injury to another was compensable." *Bell v. Sigal,* 129 Ga. App. 249, 250 (199 SE2d 355), and see *Y. M. C. A. v. Bailey,* 112 Ga. App. 684 (17) (146 SE2d 324). A phrase similar to the one under consideration ("You may also consider the value of the mother's society, advice, example, counsel and companionship as an element of value to her child"), while it seems not to have been approved, was held not reversible error in *Walker v. Southeastern Stages, Inc.,* 68 Ga. App. 320, 326 (22 SE2d 742). Nevertheless, the plaintiffs are not limited to earnings and earning potential alone. "In addition to the proven monetary value of a mother's services reduced to present cash value, the jury may add an additional amount, under the rule in *Metropolitan St. R. Co. v. Johnson,* 91 Ga. 466 (18 SE 816), by taking into consideration the value of many services rendered by a mother hardly capable of exact proof. *Standard Oil Co. v. Reagan,* 15 Ga. App. 571, 598, supra." *City of Macon v. Smith,* 117 Ga. App. 363, 375 (160 SE2d 622). But an instruction to the effect that the place of a mother cannot be supplied, that her services are incapable of exact proof, and their value may be determined from the fact of the relationship, etc. was held to be obvious error in *Wright v. Dilbeck,* 122 Ga. App. 214 (10) (176 SE2d 715), although in another division of the opinion the exact language (taken in both instances from *Blue's Truck Line, Inc. v. Harwell,* 57 Ga. App. 136, 139 (7) (194 SE 399)) was quoted in order to sustain another portion of the instructions. Thus, the rule of law enunciated was upheld in principle while disapproved as a jury instruction. While equally disapproving, we cannot but hold that in the present context it does not constitute harmful error. See in this regard *Peeler v. Central of Ga. R. Co.,* 163 Ga. 784, 791 (137 SE 24).

328

The case of *Southern R. Co. v. Decker,* 5 Ga. App. 21 (62 SE 678), cited by both litigants, we do not regard as authority for either. The part of that opinion from which this portion of the charge was culled is no more than a general dissertation on the varying laws of the several states relating to damages.

5. The court in charging on negligence correctly gave the jury the principles of ordinary care, ordinary negligence, lack of ordinary care in the plaintiff, and comparative negligence. The defendants complain that he did not include Code § 105-603, the plaintiff's duty to avoid the negligence of the defendant after it has or should have become apparent. But where there is no evidence to show that one party could in fact have discovered and avoided the negligence of the other, the instruction is inappropriate and should not be given. *Earl v. Edwards,* 117 Ga. App. 559 (161 SE2d 438). This head-on collision occurred in a split second as both cars were approaching each other around a curve. No question of avoidance arises. The request was properly refused.

6. This court will not consider questions not raised in the trial court. An objection to evidence merely on the ground that "it is not admissible" is too general to present any question for consideration. *Greyhound Corp. v. Clough,* 211 Ga. 574 (2) (87 SE2d 387); *Atlanta Coca-Cola Bottling Co. v. Ergle,* 128 Ga. App. 381, 382 (196 SE2d 670).

*Judgment affirmed in case no. 52806; cross appeal dismissed. Webb and Smith, JJ., concur.*

ARGUED OCTOBER 4, 1976 — DECIDED OCTOBER 22, 1976 — REHEARING DENIED NOVEMBER 4, 1976, IN CASE NO. 52806 —

*Carter, Ansley, Smith & McLendon, Ben Kingree,* for appellants.

*Lokey & Bowden, Hamilton Lokey, Charles M. Lokey,* for appellees.