## 67840. BATTLE v. STROTHER.

CARLEY, Judge.

Appellee instituted the instant action against appellant to recover for property damage incurred as a result of a collision between the parties' vehicles. A jury trial was held, and appellee was awarded damages in the amount of $1,000. Judgment was entered on the verdict, and appellant appeals.

1. When the trial began, appellee was represented by attorney Shuford, who conducted voir dire. Following a luncheon recess, attorney Shuford was replaced by attorney Graves, who represented appellee throughout the remainder of the proceedings. Appellant objected to appellee's substitution of counsel on the ground that it curtailed his right to appropriate voir dire of prospective jurors. See OCGA § 15-12-133. Appellant enumerates as error the overruling of his objection.

Appellant asserts that he did not have the opportunity to qualify the jurors as to Graves. However, the record shows that the trial court made proper inquiry of the jurors regarding Graves immediately before he began to participate in the proceedings. Appellant was also afforded the opportunity to question the jurors as to Graves at that time. Since appellant was not denied effective voir dire, the substitu-

tion of counsel was not error for the reason assigned.

2. Appellant next contends that the trial court erred in denying several motions for mistrial which were based upon appellee's alleged interjection of insurance into the trial.

The first mention of the word "insurance" occurred when appellee described a car parked at the scene of the collision as being owned by an "insurance man." This remark clearly had no bearing on any issues in the case and could not have been so construed.

Reference was made to insurance on three other occasions during the trial. The first of these occurred when appellee was asked on cross-examination whether an appraiser had examined her car. She replied that a lady from "Dairyland and Company" had done so. Second, a claims adjuster, who was describing his qualifications as an expert, stated that he had previously worked for several insurance companies, mentioning two such companies by name. Finally, insurance was mentioned during the testimony of a witness who had been a passenger in appellee's car at the time of the collision. In describing his version of the incident, this witness said that appellant had "no insurance papers with him" when the collision occurrèd. Appropriate curative instructions were given to the jury following this testimony.

"[G]enerally[,] liability or no-fault insurance coverage of a litigant is not admissible in evidence, and . . . unnecessary disclosure of such fact is ground for mistrial or reversal. [Cits.] The fact of insurance should never be admitted, . . . except and to the extent that it is germane to the issues in the case and necessary for their resolution. [Cit.]" *Goins v. Glisson*, 163 Ga. App. 290, 292 (292 SE2d 917) (1982). While we strongly approve of this general rule, it is not applicable to the case at bar. The references to insurance which occurred were merely incidental, and did not disclose whether or not appellant was covered by a policy of insurance. Appellant could not have been prejudiced thereby. Under these circumstances, a mistrial on the ground that insurance had been interjected into the case was not required, and the trial court did not err in denying appellant's motions. See *Ideal Pool Corp. v. Champion*, 157 Ga. App. 380 (277 SE2d 753) (1981); *Meatows v. Oxford*, 124 Ga. App. 778 (186 SE2d 343) (1971).

3. Prior to trial, appellant propounded to appellee a request for certain admissions. Although appellee did not timely respond to that request, a response was eventually submitted to appellant after almost 60 days had passed.

At trial, appellant moved for a directed verdict after appellee rested her case. One of the bases of the motion was appellant's assertion that the matters set forth in the request for admissions were deemed admitted as a matter of law by virtue of appellee's untimely response. These admissions would have established that appellant was not liable to appellee. After that motion was made, appellee

moved to withdraw the statutory admissions resulting from her failure to respond timely, and to substitute therefor the untimely response which she had previously submitted to appellant. Over appellant's objection, appellee's motion was granted. The overruling of appellant's objection to appellee's motion is enumerated as error.

OCGA § 9-11-36 (b) provides in pertinent part: "[T]he court may permit withdrawal or amendment [of statutory admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." The propriety of the trial court's grant or denial of a motion to withdraw admissions must be evaluated in light of the standards set forth in the concurring opinion of Justice Hill in *Cielock v. Munn*, 244. Ga. 810 (262 SE2d 114) (1979), and adopted by the Supreme Court in *Whitemarsh Contractors v. Wells*, 249 Ga. 194 (288 SE2d 198) (1982).

Applying those standards to the case at bar, we find that because appellant failed to make a satisfactory showing that he would be prejudiced in maintaining his defense on the merits, the trial court's grant of appellee's motion to withdraw admissions was not erroneous. Appellant received appellee's response to his request for admissions several months in advance of trial. It cannot be said that appellant was surprised, or was thwarted or hindered in his efforts to prepare his case. "[T]here is nothing to show that [appellant] would be prejudiced by the withdrawal of admissions save that [he] would lose a judgment obtained in effect by default[,] which . . . is not a valid basis to establish prejudice." *Moore Ventures Limited Partnership v. Stack*, 153 Ga. App. 215, 219 (264 SE2d 725) (1980). "[A]ny party is certainly 'prejudiced' by being forced to try a case rather than take [, in effect,] a default, but he is not prejudiced *in trying the merits of the case*, which is the question at issue." (Emphasis in original.) *Alexander v. H. S. I. Mgt.*, 155 Ga. App. 116, 117 (270 SE2d 325) (1980). "[W]hether to allow responses to a request for admissions after the statutory time for [answering] has passed is within the discretion of the trial judge, 'and his decision will not be interfered with unless it clearly appears that this discretion has been abused.' [Cit.] We find no abuse of discretion in this case and accordingly, the enumeration of error is without merit." *Davenport v. Smith*, 157 Ga. App. 870, 871 (278 SE2d 691) (1981).

4. Appellant also enumerates as error the trial court's denial of his motion for directed verdict based upon appellee's alleged lack of standing to maintain the action. Appellant contends that there was no showing that appellee was the owner of the car which was involved in the collision.

At trial, a bill of sale was introduced into evidence which showed

the purchaser of the car to be appellee's grandson, rather than appellee herself. However, there was evidence that appellee's grandson had permitted the car to be purchased in his name for credit purposes, and that appellee had actually paid for the car. Both appellee and her grandson testified that appellee held title to the automobile, although no certificate of title was introduced into evidence. The grandson further testified that the car belonged to appellee, that he had "signed it over" to her, and that he had no claim to the car and no interest in the instant action. Thus, the evidence as to ownership was in conflict, and a directed verdict on that issue would therefore have been inappropriate. The evidence was sufficient to support a finding that appellee was the owner of the automobile. See *Kirkland v. Crawford*, 136 Ga. App. 388 (221 SE2d 482) (1975); *Hightower v. Berlin*, 129 Ga. App. 246 (199 SE2d 335) (1973); *Frazier v. Willis*, 128 Ga. App. 762 (197 SE2d 831) (1973).

5. A further ground upon which appellant based his motion for directed verdict was that appellee had failed to prove damages.

" 'Where [, as here] an automobile owner elects not to make repairs to his damaged vehicle, the measure of damages is the difference in market value before and after the collision. [Cits.]' [Cit.]" *Southern Crate &c. Co. v. McDowell*, 163 Ga. App. 153, 155 (293 SE2d 541) (1982). As proof of damages in the instant case, appellee offered the testimony of two professional appraisers who had examined her vehicle. One appraiser testified that the car was worth approximately $2,000 before the collision, and approximately $200 thereafter. The other appraiser estimated the car's value at $1,400 or $1,500 before the collision, and at $700 or $800 thereafter.

Since it was clear that these two witnesses had knowledge, experience, and familiarity as to the value of the car, and that they had had an opportunity for forming correct opinions as to its worth, their testimony constituted probative evidence. Compare *Standard Guaranty Ins. Co. v. Advance Well Svcs.*, 167 Ga. App. 314 (306 SE2d 388) (1983). Since there was some evidence as to damages, the trial court did not err in refusing to direct a verdict on that ground. *Findley v. McDaniel*, 158 Ga. App. 445 (280 SE2d 858) (1981); *Kent v. Hunt & Assoc.*, 165 Ga. App. 169 (299 SE2d 123) (1983).

6. Appellant enumerates as error the trial court's failure to give a requested charge on the avoidance doctrine.

The collision which gave rise to the instant case occurred as the parties' vehicles approached each other from opposite directions around a curve. A car was parked on appellant's side of the street, further obscuring each party's view of the other. There was uncontradicted testimony that appellee could not see appellant's automobile until it was too late to take effective evasive action. Under such circumstances, no question of avoidance arose. "[W]here there is no evi-

dence to show that one party could in fact have discovered and avoided the negligence of the other, the instruction [on the avoidance doctrine] is inappropriate and should not be given. [Cit.]" *Elsberry v. Lewis*, 140 Ga. App. 324, 328 (231 SE2d 789) (1976). See generally *Moore v. Price*, 158 Ga. App. 566 (281 SE2d 269) (1981). The trial court did not err in failing to give the requested charge.

7. "Appellant's final enumeration [of error] raises the general grounds. This court does not pass on the weight of the evidence, only on the sufficiency thereof. If there is 'any evidence' to sustain the jury's verdict, an appellate court will not disturb it. [Cit.] The evidence in the instant case was sufficient." *Kent v. Hunt & Assoc.*, supra at 172.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1984.

*Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellant.
*E. Graydon Shuford, George P. Graves*, for appellee.