## 73110. HESTER v. BAKER.
### (349 SE2d 834)

BIRDSONG, Presiding Judge.

This is a civil action for damages arising out of an automobile accident which occurred on November 4, 1983, in Bibb County, Georgia. Plaintiff, Audrey Hester, appeals from a jury verdict for the defendant, Curtis Baker. On the evening of November 4, 1983, Hester and Baker had a date and went to dinner at a restaurant in Macon. Baker said he had a couple of beers and Hester had a couple of alcoholic drinks. Following dinner they went to Hester's grandmother's house where Hester was living. Ms. Hester said she received a telephone call from a man who wanted to date her, and Baker jerked the phone out of her hand and placed it on the cradle. When the man called back, Baker is said to have told him if he ever called Hester again he would kill him. Ms. Hester said their argument may have been disturbing her grandmother so she asked Baker if they could go to his mother's house. Baker refused and Hester said she left in her own car, believing Baker would follow.

She testified that after she left her driveway Baker pulled up beside her for a few seconds and then dropped back behind her car. She increased her speed but he pulled up alongside her car for a second time for a few seconds and again dropped back to the rear of her car. She increased her speed to "anywhere between forty and fifty" but Baker again pulled up beside her car, very close: "I felt an impact. I felt something hit me. . . . I went off the side of the road. I lost control of my car" and it overturned. She received numerous injuries. When she arrived at the hospital, the doctor and the investigating officer noted needle marks in her arms. According to a police officer, the attending doctor asked Ms. Hester if she had used any drugs, "[a]nd she said: 'Not tonight,' although she had taken speed and crystal meth frequently in the past."

Baker testified that after he and Hester returned to her grandmother's that evening she wanted to purchase some "crystal meth" and he attempted to dissuade her. She took the phone into her bedroom and returned a few minutes thereafter saying she had made arrangements "to do it." He said he wanted no part of it and started to leave. Hester left at the same time and started to drive toward Macon. He does not remember whether he pulled up beside her when she left her driveway, but he did follow her for a short period of time and attempted to pass her on a slight rise. He saw the reflection of headlights of an oncoming car and pulled in behind Hester's car. "[S]hortly thereafter, she veered to the left [of] the centerline, then to the shoulder, then over to the centerline, then back to the shoulder" and off the road into the ditch where her car overturned. Baker denies his car touched Hester's car or that he attempted to run her off the road.

The incident was investigated by two police officers. Both officers had received specialized training in automobile accident investigation. Ms. Hester gave them a statement in the hospital emergency room as to how the accident occurred. She told them she and her boyfriend had an argument at her house and she had left and he was following her in his car "and that as she was trying to leave him, she was watching in her rearview mirror, looking for him, and that in doing so that she had ran [sic] off the road, that she had run off the road." Four days after the accident, Ms. Hester called the officer and told him the accident did not occur as previously stated but her boyfriend "was chasing her and that he had attempted to pass her two times, and on the third time his car stuck hers, which caused her to wreck. . . ." She told them that each time Baker's car pulled up alongside her vehicle, his car "hovered beside her vehicle for approximately thirty seconds. . . ." The officers checked both cars. In examining her car the officer said "[t]he only damage that I could see was damage from the accident itself. By that I mean that I could not find any other damage that would indicate that another vehicle was involved." The only damage found on Baker's car "was a small dent on the right front fender that appeared to be very old, and this was because it had already rusted over, it was rusty." The officers were of the opinion that the accident was "the type where the driver simply was going in a forward direction and the car gradually left the roadway, it did not appear to have been an abrupt swerving type motion." The officers "could find no evidence of any impact between the two vehicles" and concluded it was "a one vehicle accident where contact was not made between two vehicles." Plaintiff brings this appeal from judgment entered on a jury verdict for the defendant. *Held*:

1. Plaintiff has failed to follow our codal requirements that enumerations "shall set out separately each error relied upon." OCGA

§ 5-6-40; *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (275 SE2d 142). Two of plaintiff's enumerations each contain two allegations of error which must be treated separately.

2. Plaintiff contends it was error for the trial court to charge on "comparative negligence." The common law doctrine of "contributory negligence" which bars recovery by a plaintiff is not followed in Georgia. *Ware v. Alston*, 112 Ga. App. 627, 633 (145 SE2d 721). The prevailing doctrine in this state is the comparative negligence rule, which holds "where there is negligence by both parties which is concurrent and contributes to the injury sued for, a recovery by the plaintiff is not barred, but his damages shall be diminished by an amount proportioned to the amount of fault attributable to him, provided that his fault is less than the defendant's and that by the exercise of ordinary care he could have avoided the consequences of the defendant's negligence after it became apparent or in the exercise of ordinary care should have been discovered by the plaintiff." *Georgia Power Co. v. Maxwell*, 52 Ga. App. 430, 431 (183 SE 654).

One of the defenses pled by defendant was comparative negligence, in that he alleged that even if he was negligent, plaintiff was negligent to an equal or greater degree. The evidence showed that plaintiff told the police she and her boyfriend had been arguing and "she had left and he was after her in another vehicle and that as she was trying to leave him, she was watching in her rearview mirror, looking for him, and that in doing so . . . she had run off the road." Baker testified that he was behind Hester when he saw her car swerve over the centerline twice, then leave the road, enter the ditch and overturn. This is evidence that plaintiff was keeping an improper lookout and failed to maintain control of her car, which could have contributed to the cause of the accident.

Hester said that Baker drove his car alongside of hers and "hovered" there, and each time drove his car closer and closer to her car, until finally she felt his car strike her car, she lost control, left the roadway and her car overturned. Baker admitted that he had attempted to pass Hester's car, just prior to the accident, and had fallen back to the immediate rear of her car when the incident occurred. Under this evidence, the jury was authorized to find that either or both of the parties were negligent, and that each party's negligence could have contributed to the incident, and that the negligence of either party could have been the proximate cause of the incident. Hence, it was not error for the trial court to charge on the issue of comparative negligence. *Converse v. O'Keefe*, 148 Ga. App. 675, 676 (252 SE2d 92).

3. Error is enumerated in the trial court's charge on the "avoidance doctrine." Our code provides that "[i]f the plaintiff by ordinary care could have avoided the consequences to himself caused by the

defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." OCGA § 51-11-7. Although this statute is the legal basis for the "comparative negligence" doctrine in Georgia, it is also known as the "avoidance doctrine." *Parham v. Roach*, 131 Ga. App. 728, 734 (206 SE2d 686). The trial court charged the jury in the words of the statute. Hence, if the evidence warranted the charge, there is no error. We found, in Division 2 above, that a charge on comparative negligence was warranted by the evidence. Plaintiff alleged and testified that Baker was negligent, and under the comparative negligence rule, if plaintiff by the exercise of due care, could have avoided the consequences to herself of the alleged negligence of the defendant, when that negligence became apparent to her, or where by the exercise of due care upon her part she could have become aware of it, she would not be entitled to recover. *Rogers v. McKinley*, 48 Ga. App. 262, 265 (172 SE 662). Plaintiff testified that the defendant pulled his car alongside her car on three occasions, and on each occasion defendant's car came closer and closer and "hovered" there for as long as "thirty seconds." She was asked if it was her contention that "every time he did that you increased your speed and got to going faster and faster. . . ." Plaintiff responded: "Well, you know, obviously, if you're going somewhere — and I was changing gears — when you change gears in a car you speed up a little bit every time you change gears. . . . I guess at the time that the accident occurred, I was going anywhere between forty and fifty. I know I wasn't going more than fifty." Thus, plaintiff admitted that she was aware of the alleged negligence of the defendant and according to what she told the police, "she was trying to leave him" and was attempting to do so by "going faster and faster." In resolving this question, we must start with the accepted standard of law that issues of negligence and diligence, including related issues of lack of ordinary care for one's safety or lack of ordinary care in failing to foresee or observe the negligence of another, are ordinarily not susceptible of summary adjudication (*Cowart v. Five Star Mobile Homes*, 161 Ga. App. 278, 279 (291 SE2d 13)) and unless only one conclusion is permissible (*Russell v. Goza*, 143 Ga. App. 455, 456 (238 SE2d 583); *Southern Bell Tel. &c. Co. v. Bailey*, 81 Ga. App. 20, 23 (57 SE2d 837)), the issue should be resolved by the jury. Under the conflicting evidence in this case, there was more than one reasonable conclusion. The jury was authorized to determine whether plaintiff's acts were a proper way to avoid defendant's alleged negligence, and whether such action on her part contributed to the cause of the subsequent incident. We find no error by the trial court charging the jury on the "avoidance doctrine."

4. Failure to give plaintiff's request to charge "governing over-

taking and passing vehicles" is enumerated as error. Under OCGA § 40-6-42 (1), it is provided that "[t]he driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle." Under the evidence presented, defendant's vehicle was an overtaking vehicle but it never succeeded in passing plaintiff's vehicle. According to plaintiff's testimony, Baker pulled alongside her car on three occasions and "hovered" there, but never passed her. Baker's testimony was that he attempted to pass Hester but was unsuccessful. The requested charge included a charge on overtaking, passing, and returning to the right side of the roadway at a safe distance in front of the "overtaken vehicle." This charge was not adjusted to the evidence in this case. *Thico Plan v. Ashkouti*, 171 Ga. App. 536, 541 (320 SE2d 604). The trial court chose to cover the issue by charging the applicable portion of OCGA § 40-6-45 concerning a vehicle being driven on the left side of the roadway when approaching within 100 feet of an intersection. Where the charge was adjusted to the evidence, as in this case, and in the language of the applicable statute, which covered the issue, it is not error to refuse to give a charge in the language requested on the subject. *Harkness v. Harkness*, 228 Ga. 184, 185 (184 SE2d 566).

5. The plaintiff assigns error in the refusal of the trial court to give a requested charge on "foreseeability." Ms. Hester testified that the incident was caused by defendant's car striking her, which caused her to lose control of her car which then left the roadway and overturned. Defendant denied his car struck plaintiff's car, but admitted he attempted to pass and did draw alongside and then fell back behind her car. This evidence framed the contentions of the parties and the court correctly charged on those issues. Plaintiff's testimony was that the actionable negligence was the striking of her car by the defendant's car. Whether such act was foreseeable by the defendant is not material to the issue. The issue presented is whether the collision occurred. Certainly, plaintiff would not admit that if the defendant's act of striking her car with his car was not foreseeable, that he would not be guilty of negligence. As foreseeability was not in issue, the refusal to give the requested charge on that subject is not error. Furthermore, the trial court adequately covered the requested charge in its general charge. *Medoc Corp. v. Keel*, 166 Ga. App. 615, 618 (305 SE2d 134).

6. This court will not disturb a judgment when there is any evidence to sustain it, in the absence of a material error of law. *Menendez v. Ellis*, 149 Ga. App. 684 (255 SE2d 70). If the verdict is wholly without supporting evidence, it will be set aside, but where the evidence is in conflict and a properly instructed jury resolves the conflicts against the plaintiff, and that decision is approved by the trial

judge and is supported by the evidence of record, this court, in the absence of material errors of law, will affirm. *Scott v. Scott*, 243 Ga. 472, 473 (254 SE2d 852). The trial court did not err in denying plaintiff's motion for new trial.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 21, 1986.

*Lester A. Dozier, Jr.*, for appellant.
*Jerry A. Lumley, Thomas C. Alexander*, for appellee.