73706. STROUD v. WOODRUFF.
(359 SE2d 680)

BANKE, Presiding Judge.

The appellant sued the appellee to recover for personal injuries and property damage allegedly sustained in a motor vehicle collision, and the appellee counterclaimed to recover his alleged damages resulting from the same collision. The jury returned a verdict for the appellant in the amount of $10,000, which was $3,784 less than the amount of special damages proved by him. This appeal is from the denial of his motion for new trial.

The collision occurred at a "blind" intersection which the appellee was approaching from the west, driving an automobile, and the appellant was approaching from the north, driving a motorcycle. The appellee was required to stop at a stop sign before entering the intersection, while the appellant was not. There was evidence that, due to an overgrowth of kudzu and grass at the northwest corner of the intersection, a vehicle stopped at the stop sign in the appellee's lane of traffic would be hidden from the view of traffic approaching from the north in the appellant's lane, and vice versa. The appellee's automobile was struck by the appellant's motorcycle on the driver's side. *Held*:

1. The appellant contends that there was no evidence from which it could reasonably be inferred that he had been negligent in any way and that the trial court consequently erred in charging the jury on the doctrine of comparative negligence. While it is undisputed that the appellant had the right-of-way and while there is no evidence to sug-

gest that he was exceeding the speed limit or otherwise violating any traffic laws, there was evidence from which it could be inferred that he was familiar with the lack of visibility at the intersection yet took no precautionary measures, such as significantly reducing his speed, to allow for such lack of visibility.

It does not follow from the fact that a driver has the right-of-way at an intersection that he is thereby entitled "to drive blindly or recklessly across [the] intersection, especially one which might be termed a 'blind intersection,' without regard to the conditions and consequences." *Eddleman v. Askew*, 50 Ga. App. 540 (3) (179 SE 247) (1934). See also *Kirkland v. Moore*, 128 Ga. App. 34, 35-36 (195 SE2d 667) (1973). "[E]ven if the [other] driver . . . is guilty of negligence per se or has otherwise failed to exercise ordinary care in approaching the intersection, this will not relieve the driver having the right-of-way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. It is his duty to exercise ordinary care, to remain alert in observing the vehicles approaching the crossing, and to exercise ordinary care . . . to avoid a collision, after he sees *or by ordinary diligence could have seen* that one is threatened or imminent." *Currey v. Claxton*, 123 Ga. App. 681, 682 (1) (182 SE2d 136) (1971). (Emphasis supplied.)

Under the circumstances of this case, we must conclude that the issue of whether or not the appellant exercised due care upon approaching the intersection was for the jury, not the court, to determine; and we accordingly hold that the court did not err in charging on comparative negligence. Accord *Kirkland v. Moore*, supra (upholding a verdict in favor of the defendant in a similar case in which the plaintiff's motorcycle was struck by the front of the defendant's car as the two were proceeding through the intersection). Compare *Moore v. Price*, 158 Ga. App. 566 (281 SE2d 269) (1981) (holding that no issue regarding the plaintiff's negligence was raised where the undisputed evidence showed that the collision was the result of the defendant's negligently losing control of his vehicle and crossing over the centerline of the road).

2. Similarly, the trial court did not err in charging the jury on the doctrine of avoidable consequences (see generally OCGA § 51-11-7), nor in charging that the driver of a motor vehicle is under a duty to maintain a diligent lookout for other traffic. See *Leggett v. Brewton*, 104 Ga. App. 580 (3) (122 SE2d 469) (1961). Both these charges stated correct abstract legal principles; and, as held in Division 1 of this opinion, supra, the issues of whether the appellant had, under the circumstances, maintained a diligent lookout for other vehicles upon approaching the intersection and otherwise exercised due care for his own safety were proper subjects for jury consideration.

3. Any error which may have been committed by the trial court

in charging on the doctrine of legal accident was rendered moot by the jury's verdict awarding damages to the appellant, such verdict being inconsistent with a determination that the collision was not the fault of either party. Accord *Atlanta Recycled Fiber Co. v. Tri-Cities Steel Co.,* 152 Ga. App. 259, 267 (5) (262 SE2d 554) (1979). See generally *Chadwick v. Miller,* 169 Ga. App. 338, 344 (312 SE2d 835) (1983).

4. The appellant contends that the trial court erred in refusing to give his requested charge that "[i]n arriving at the award for pain and suffering, you may also take into consideration the effect inflation has had on the purchasing power of the dollar. . . ." In support of this enumeration of error, the appellant cites *Leonard v. Kirkpatrick,* 118 Ga. App. 277 (1) (163 SE2d 340) (1968). However, in that case this court sustained the trial court's refusal to give such a charge, declining to interfere with the trial court's discretion in the matter. We similarly find no abuse of discretion under the circumstances of the present case, particularly in the absence of any showing of the extent to which the purchasing power of the dollar had declined between the date of the accident and the time of trial. Moreover, we note that because the requested charge applied by its terms only to damages awarded for pain and suffering and because it is apparent any award of such damages by the jury was minimal, the failure to give the requested charge could not have resulted in substantial harm to the appellant.

5. The appellant contends that the verdict was inadequate in that the damages awarded were less than the amount of the special damages proved. This enumeration of error is also without merit. Generally speaking, where "comparative negligence [is] involved under the pleadings and the evidence . . . , a verdict for damages for personal injuries cannot properly be set aside on the ground that the verdict is inadequate." *Cox v. Nix,* 87 Ga. App. 837, 839-840 (75 SE2d 331) (1953). See also *Jordan v. Ellis,* 148 Ga. App. 286, 290 (250 SE2d 859) (1978).

6. It follows from the foregoing that the trial court did not err in denying the appellant's motion for new trial.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Sognier and Beasley, JJ., concur. Carley, Pope, and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.

I am unable to agree with the holding of the majority that the evidence authorized jury instructions on comparative negligence or avoidance of consequences. My review of the trial transcript discloses no evidence of negligence on the part of the appellant, although there was evidence of the appellee's negligent act in failing to stop at the stop sign at the intersection. The testimony of the eyewitness, who

was the driver of a vehicle stopped at the intersection, was that he could see both appellant's motorcycle and appellee's car approaching the intersection; that he stopped because he saw appellee's car was not going to stop, and said to his wife, who was a passenger in his truck, "Look out, there's fixing to be a wreck"; and that appellee's car did not stop at the stop sign and did not slow down. Appellant testified that he was familiar with that stretch of the road and the intersection; that he knew there was a rise at the intersection so he would always take the precaution to "coast" through it; and that if a car were stopped at the intersection his view of it would not be obstructed, but if it were further back he could not have seen it because of the hill and overgrowth. The appellee testified that he did stop at the intersection and looked north but did not see appellant. While appellee alleged that appellant was speeding, and failed to keep a proper lookout and to have his vehicle under control, the testimony did not substantiate those conclusions, nor did appellee produce any other evidence to do so. The eyewitness stated that it appeared to him that the driver of the motorcycle swerved to avoid the collision. The evidence also indicated that while the collision occurred too rapidly for appellant to successfully take any evasive maneuvers, there was nothing to show any loss of control or excessive speed on his part.

" 'A driver having the right of way . . . has the right to assume that others will obey the rule of the road [Cit.] and he has a right to proceed at a reasonable speed even though he sees another vehicle approaching. What he cannot do is to test a known and obvious peril, and after it is or should be clearly apprehended that a collision is threatened or imminent, he cannot blindly and recklessly proceed without regard to conditions and consequences. [Cits.]' (Emphasis omitted.) . . . '[W]here there is no evidence to show that one party could in fact have discovered and avoided the negligence of the other, [an] instruction [on the plaintiff's duty to avoid the negligence of the defendant] is inappropriate and should not be given. [Cits.]' . . . There is no 'absolute duty on any driver to avoid a collision' [cit.], and the burden was on [appellee] to prove that his negligence could have been discovered and avoided by [appellant]. [Cit.] This burden was not met." *Moore v. Price*, 158 Ga. App. 566, 569 (281 SE2d 269) (1981).

"Response by mere conclusory statements is insufficient to set forth specific facts showing a genuine issue for trial. [Cit.] . . . We are aware of no precedent which would impose a standard of care on one person which requires him to presume the negligence or sudden emergency of another. This proposition is simply untenable." *Tallman Pools of Ga. v. James*, 181 Ga. App. 341, 343 (352 SE2d 179) (1986). Where the record contains no evidence of any negligence on the part of the plaintiff, "it is presumed, in the absence of evidence to the

contrary, that plaintiff exercised due care. [Cit.]" *Nelson & Budd v. Brunson*, 173 Ga. App. 856, 857 (3) (328 SE2d 746) (1985). "Since it is error to charge on the doctrine of comparative negligence when there is no evidence of such negligence even though the issue . . . may have been raised in the defendant's pleadings [cits.], the instruction complained of here was erroneous; and since the verdict rendered by the jury was for an amount less than sued for, such error was presumptively harmful to the plaintiff and requires the grant of a new trial. [Cit.]" *Massey v. Stephens*, 113 Ga. App. 10, 11 (147 SE2d 53) (1966). Accord *Battle v. Strother*, 171 Ga. App. 418 (5) (319 SE2d 887) (1984); *Elsberry v. Lewis*, 140 Ga. App. 324 (5) (231 SE2d 789) (1976). Compare *Hester v. Baker*, 180 Ga. App. 627 (2) (349 SE2d 834) (1986).

The transcript is devoid of any evidence even suggesting that appellant drove "blindly or recklessly" through a "blind intersection," or otherwise failed to exercise ordinary care in approaching it under the facts and circumstances of this situation. Nor was it shown that he failed to remain alert in observing the vehicles approaching the crossing so that with ordinary diligence he could have avoided the collision. Compare *Kirkland v. Moore*, 128 Ga. App. 34 (195 SE2d 667) (1973). Accordingly, I respectfully dissent from Divisions 1 and 2 of the majority opinion and the judgment.

I am authorized to state that Judge Carley and Judge Pope join in this dissent.

DECIDED JUNE 16, 1987 —
REHEARING DISMISSED JULY 13, 1987.

*Martin M. Kendall*, for appellant.
*James R. Fortune, Jr.*, for appellee.