A89A2348, A89A2349. RIBERGLASS, INC. v. ECO CHEMICAL SPECIALTIES, INC.; and vice versa.
(390 SE2d 616)

SOGNIER, Judge.

ECO Chemical Specialties, Inc. (ECO) brought suit on an account against Riberglass, Inc., a distributor, seeking recovery of $104,549.09 plus interest allegedly owed as payment for the purchase by Riberglass of large quantities of an acetone substitute cleaning solution known as Res-Off. ECO filed, inter alia, requests for admission, which Riberglass failed to answer within the statutory time period. After Riberglass filed late answers to the requests for admission, denying two requests previously admitted by operation of law, ECO filed a motion for summary judgment based solely upon the admissions deemed admitted by Riberglass. Riberglass then filed a motion to withdraw admissions. A hearing on both motions (and others) was

held, and the trial court entered an order denying Riberglass' motion to withdraw the admissions and granting ECO's motion for summary judgment. Riberglass appeals from these orders, and ECO cross appeals from the trial court's use of 7 percent as the rate of interest on attorney fees awarded.

The admissions appellant sought to deny stated that "[appellee] is entitled to recover from [appellant] the amount prayed for in the [c]omplaint" and that "[t]he denials and defenses raised in [appellant's] [a]nswer have been interposed for the purpose of harassment, delay and to avoid payment of [appellee's] just claim."

1. Appellant contends the trial court abused its discretion by denying its motion to withdraw the admissions. The propriety of the trial court's failure to grant the motion to withdraw admissions must be determined by consideration of whether "the presentation of the merits of the action [would have been] subserved thereby" and whether appellee "fail[ed] to satisfy the court that withdrawal or amendment [would] prejudice [it] in maintaining [its] action or defense on the merits." OCGA § 9-11-36 (b).

(a) The meaning of the phrase "the presentation of the merits of the action will be subserved thereby" was clarified by the Supreme Court in *Whitemarsh Contractors v. Wells*, 249 Ga. 194 (288 SE2d 198) (1982), when it expressly adopted Justice Hill's special concurring opinion in *Cielock v. Munn*, 244 Ga. 810, 813 (262 SE2d 114) (1979): "If the burden of proof as to the subject matter of the request will be on the defaulting movant, then movant should be required to show that the proffered denial of the request can be proved by admissible evidence having a modicum of credibility, and that the denial is not offered solely for the purpose of delay."

In the action sub judice, since both parties admit the purchase and the price, the issues in the case are raised by appellant's defenses, as to which it would have the burden of proof at trial. Thus, to satisfy that criterion for allowing withdrawal of the admissions, in addition to showing that it was not seeking to deny the request for admission solely for the purpose of delay appellant was required to show that its defenses were provable "by admissible evidence having a modicum of credibility." The record reveals that appellant's primary defense was its allegation of a failure of consideration, which, if proved, is sufficient to defeat an action on a contract. See generally OCGA § 13-5-9; *Jones v. Dixie O'Brien Div.*, 174 Ga. App. 67, 68 (329 SE2d 256) (1985).

Specifically, appellant's defense was that the product did not perform in the manner appellee represented it would; that contrary to appellee's representations, it irritated the user's hands; that appellant was induced to purchase greater quantities of Res-Off than it desired by appellee's agent's fraudulent misrepresentations that a purchase in

those amounts was a prerequisite to establishment of an exclusive distributorship; and that appellee failed to provide the support services it promised. In support of the motion to withdraw the admissions, appellant relied on its answers to appellee's interrogatories, sworn to by Mark R. Long, appellant's secretary/treasurer, and the affidavits of Long and Frank Riberlin, appellant's president. The affidavits stated specifically that withdrawal of the admissions was not being requested solely for delay, and further showed that appellant could prove by the testimony of Long and Riberlin that they personally received complaints from customers that the Res-Off irritated their hands and caused skin rashes and that, contrary to appellee's representations, the product was inferior to acetone as a cleaning solution. In addition, the affidavits showed that Don Shipman, appellee's agent, represented to the affiants that appellant would have to purchase three truckloads of the product in order to obtain an exclusive dealership; that appellant would not have purchased that quantity had it not been for Shipman's representation; that as a result of customer dissatisfaction with Res-Off, appellant was unable to sell the product; and that affiants were subsequently informed by J. W. Evans, appellee's agent, that there was no minimum order necessary to establish an exclusive dealership. The record also contains letters written by Riberlin to appellee seeking to return the product.

Contrary to appellee's argument, even though the Riberlin affidavit was not submitted contemporaneously with the motion to withdraw admissions, it was submitted over three months before the hearing on the motions, thus preventing any surprise to appellee, unlike the affidavit in *Big Canoe Corp. v. Williamson*, 168 Ga. App. 179 (308 SE2d 440) (1983), cited by appellee, which was filed the same day as the order entering summary judgment. Moreover, the requirement of simultaneous filing in OCGA § 9-11-6 (d) is not absolute, and the trial court is authorized to extend the period for filing the movant's affidavits. *Wall v. C & S Bank*, 145 Ga. App. 76, 78 (243 SE2d 271) (1978). In the case sub judice, it is apparent that the trial court so extended the period, as the judgment recites that the trial court considered "all supplemental briefs, [a]ffidavits and argument of the parties." Because the supplemental affidavit was filed so far in advance of the hearing and gave a reason for its delay, and because, in the absence of evidence in the record to the contrary, we must presume the trial court acted correctly, see *Cox v. City of Lawrenceville*, 168 Ga. App. 119-120 (1) (308 SE2d 224) (1983), we decline to find that the trial court improperly considered it. We note, however, that based on the above evidence proffered by appellant, and even without considering the Riberlin affidavit, we find that appellant made a sufficient showing to meet the first prong of the test set forth in *Cielock*, supra.

(b) For withdrawal to be permitted, appellant also must show

that appellee would not be prejudiced thereby in trying the merits of the case. OCGA § 9-11-36 (b). Contrary to appellee's argument, the fact that it relied on the admissions and expended time and resources on what appeared to be a well advised motion for summary judgment and would now have to try the case on the merits is insufficient prejudice to warrant denying the motion. Rather, we perceive no difference between this argument and that advanced and rejected in *Battle v. Strother*, 171 Ga. App. 418, 419-420 (3) (319 SE2d 887) (1984). " '(A)ny party is certainly "prejudiced" by being forced to try a case rather than take (, in effect,) a default, but he is not prejudiced *in trying the merits of the case*, which is the question at issue.' . . . [Cit.]" Id. at 420 (3). Although in *Battle* the question was whether withdrawal of the admissions should be allowed in the face of a motion for a directed verdict based on the admissions, we find the reasoning applies as well to the case sub judice, where the issue is whether admissions should be withdrawn in the face of a motion for summary judgment. Appellee failed to satisfy the court that withdrawal would prejudice it in maintaining its action on the merits.

As both prongs of the standard have been met, the trial court abused its discretion by denying appellant's motion to withdraw the admissions, thereby preventing a trial on the merits.

2. It follows from our ruling in Division 1 that summary judgment was erroneously granted to appellee.

3. Because of our reversal of the award of summary judgment, it is unnecessary that we address appellee's cross-appeal, in which it challenges the trial court's use of a 7 percent per annum rate for prejudgment interest as part of the award of summary judgment, and accordingly the cross-appeal is dismissed.

*Judgment reversed in Case No. A89A2348; appeal dismissed in Case No. A89A2349. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1990 —
REHEARINGS DENIED FEBRUARY 6, 1990 —

*Oxendine & Associates, John W. Oxendine*, for appellant.
*Boyce, Thompson & O'Brien, J. Patrick O'Brien, William M. Coolidge III*, for appellee.

