## A99A0023. DUCKWITZ v. MANOR.
### (519 SE2d 483)

Judge Harold R. Banke.

Randall Duckwitz appeals a jury verdict rendered in favor of James C. Manor, Jr. In his sole enumeration of error, Duckwitz contends that the verdict was contrary to and against the weight of the evidence.

When viewed in a light most favorable to the verdict, the evidence showed that as James Manor approached an intersection, he slowed down, put on his left turn signal, and then came to a complete stop. See *Kirkland v. Moore,* 128 Ga. App. 34, 35 (195 SE2d 667) (1973). Although Manor tried to determine whether there was any on-coming traffic, the setting sun partially obscured his vision. When Manor believed it was safe to proceed, he did so and moved forward. As he slowly began to execute a left turn, Duckwitz's bicycle struck his right front fender. Although Duckwitz braked, he was not able to stop in time. Duckwitz sought to impose strict liability upon Manor for failing to yield. The jury disagreed and found for Manor. *Held*:

Duckwitz appeals the denial of his motion for new trial, arguing the evidence plainly established that Manor was negligent per se in failing to yield the right of way, thereby establishing liability as a matter of law.

The fact that Manor's vehicle and Duckwitz's bicycle collided, without more, did not automatically translate into liability on the

part of Manor because even a finding of negligence per se does not mean liability per se. See *Keith v. Beard*, 219 Ga. App. 190, 192 (1) (464 SE2d 633) (1995) (physical precedent only). Even where evidence indicates that a defendant's actions were negligent per se, a jury must still resolve issues such as causation and the applicability of certain defenses. *Herrin v. Peeches Neighborhood Grill & Bar*, 235 Ga. App. 528, 533 (2) (509 SE2d 103) (1998).

A responding officer conducted an investigation at the scene. The officer testified that problems with visibility near sunset at this location were a daily occurrence. According to the officer, when he arrived just moments after the accident, "I couldn't see ahead of me because the sun was so bright."

By law, a plaintiff must use ordinary care to avoid the consequences of a defendant's negligence when it is apparent or when in the exercise of ordinary care it should become apparent. *Whatley v. Henry*, 65 Ga. App. 668, 674 (6) (16 SE2d 214) (1941); see OCGA § 51-11-7 (doctrine of avoidable consequences).

> It does not follow from the fact that a driver has the right-of-way at an intersection that he is thereby entitled to drive blindly or recklessly across the intersection, . . . without regard to the conditions and consequences. Even if the other driver . . . is guilty of negligence per se or has otherwise failed to exercise ordinary care in approaching the intersection, this will not relieve the driver having the right-of-way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. It is his duty to exercise ordinary care, to remain alert in observing the vehicles approaching the crossing, and to exercise ordinary care to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent.

(Citations and punctuation omitted.) *Stroud v. Woodruff*, 183 Ga. App. 628, 629 (1) (359 SE2d 680) (1987).

Here, it was Duckwitz, not Manor, who had more familiarity with the angle of the sun on this particular road at sunset. Duckwitz conceded that he did not apply his brakes until after he noticed Manor turning in front of him and by then it was too late for him to stop. Duckwitz admitted that he saw Manor's left turn signal blinking and incorrectly assumed that he would be able to bike through the intersection before Manor made his turn. Duckwitz also incorrectly assumed that Manor saw him. This evidence did not demand a finding of liability against Manor. See *Porter v. Southern R. Co.*, 73 Ga. App. 718, 721 (1) (37 SE2d 831) (1946) (plaintiff must use ordinary care to avoid the consequences of a defendant's negligence

where reasonably possible). In these circumstances, the jury had to resolve who, if anyone, had been negligent. See *Kirkland*, 128 Ga. App. at 35-36; cf. *Florence v. Knight*, 217 Ga. App. 799, 800 (459 SE2d 436) (1995) (equal knowledge rule may preclude recovery notwithstanding a defendant's negligent per se conduct). Similarly, it was up to the jury to decide whether Manor had been at fault and was liable for causing the accident. See *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 451 (224 SE2d 25) (1976) (issues of liability, lack of liability, diligence, negligence, and proximate cause, except in very rare instances, should be resolved by the jury and not by trial and appellate judges); *Stroud*, 183 Ga. App. at 629 (2) (whether appellant with right of way exercised due care approaching the intersection was for jury). Because there was some evidence to support the verdict, the denial of Duckwitz's motion for new trial cannot be disturbed. *Bldg. Materials Wholesale v. Reeves*, 209 Ga. App. 361, 364 (2) (433 SE2d 346) (1993).

*Judgment affirmed. Blackburn, P. J., concurs. Barnes, J., concurs specially.*

BARNES, Judge, concurring specially.

I write separately because, although I reach the same result, I do not concur in the majority's analysis. The defendant presented some evidence he was not negligent, which is sufficient to affirm the jury's verdict. However, in order to affirm, it is only necessary to find that appellant's one enumerated error is not valid grounds for reversing this case.

The majority's opinion holds that Duckwitz failed to exercise ordinary care because he did not brake as soon as he saw Manor's car approaching him with its left turn signal on. According to the majority, "Duckwitz admitted that he saw Manor's left turn signal blinking and incorrectly assumed that he would be able to bike through the intersection before Manor made his turn." The majority further holds that "it was Duckwitz, not Manor, who had more familiarity with the angle of the sun on this particular road at sunset," even though Manor was facing the sun before the collision. We have held that "[o]ne who has the right-of-way may assume that others will obey the rules of the road *absent some factual indicia that such is not the case.*" (Emphasis supplied.) *Cannon v. Street*, 220 Ga. App. 212, 215 (3) (469 SE2d 343) (1996).

In *Cannon*, the defendant ran a red light and hit plaintiff's car. The trial court granted summary judgment to the plaintiff as to liability, and the defendant argued on appeal that "plaintiff could have braked and prevented the collision altogether." Id. at 214. We affirmed the partial summary judgment to plaintiff, holding that even if the plaintiff had seen the defendant coming, no evidence

showed that plaintiff would have had any reason to anticipate that the defendant would fail to yield the right of way. Id. at 215. See *Morgan v. Braasch*, 214 Ga. App. 82, 85 (2) (446 SE2d 746) (1994).

*Stroud v. Woodruff*, 183 Ga. App. 628, 629 (1) (359 SE2d 680) (1987), cited by the majority, is distinguishable. Evidence in that case showed that the defendant who had the right of way knew that he would not be able to see a car waiting to pull out of a side street, and that the driver of the car would not be able to see him. No such evidence exists in the case before us.

For these reasons, I do not concur in the analysis used by the majority but reach the same result.

DECIDED JUNE 14, 1999.

*Blackford & Blackford, Peter M. Blackford, Martin E. Valbuena*, for appellant.
*Downey & Cleveland, Richard A. Griggs*, for appellee.